JOHN ARNOLD, plaintiff in error v. JACOB JOHNSON, as-
signee of EZRA BAKER, Jr. defendant in error.

*Error to Wabash.*

An assignor of a note is not the adverse party contemplated by the statute per-
mitting a party to prove his demand by the adverse, &c., in a trial before a
justice of the peace.
In relation to the law of appropriating payments, where the debtor pays gene-
rally, the rule is well settled, that the creditor may apply the payment to what-
ever debt he sees proper, unless there are circumstances that would render the
exercise of such discretion on the part of the creditor, unreasonable, and enable
him to work injustice to his debtor.
It is a well settled rule of law, that where one party relies on the admission of
the other party, the whole of the admission must be taken together.

THIS cause was tried at the March term, 1835, of the Wabash
Circuit Court, before the Hon. Justice Harlan, and a judgment
rendered for the defendant in error for $28,45, in affirmance of
the decision of the justice of the peace.

J. PEARSON, for the plaintiff in error.

O. B. FICKLIN, for the defendant in error.

LOCKWOOD, Justice, delivered the opinion of the Court :(1)'

This was an action commenced before a justice of the peace
by Johnson, assignee of Baker, against Arnold, and appealed
into the Circuit Court of Wabash county.    On the trial of the
cause in the Circuit Court, the following bill of exceptions was
taken, to wit, " Be it remembered that at the March term, 1835,
the above cause came on to be tried by the Court.    Plaintiff de-
clared in the Court below on the following note : ' Ten days
after date, for value received, I promise to pay E. Baker, Jr., or
bearer, forty-nine dollars and forty-seven cents without defalca-
tion or discount.    March 6, 1830.

                                        JOHN ARNOLD.' "

Upon which note the following endorsements appear : " July
31, 1830. Recd. on the within sixteen dollars and forty-six cents
—Feby. 19th, cr. by cash $9,12 on this note."    The assignment
is in these words: " For value received I transfer the within
note unto Jacob Johnson.    Nov. 24, 1834.    Ezra Baker, Jr."
After the introduction of the note, the defendant stated he had
no witness or legal evidence to establish his account of payment
of money to Ezra Baker, Jr., more than sufficient, together with
the endorsements on the note, to have paid the note, except he
should call on the said Ezra Baker, Jr., and wished therefore,
under the statute, to prove his own account by his own testimony,

(1) WILSON, Chief Justice, did not sit in this cause.

or by the adverse party, to which evidence the plaintiff, by his counsel, objected, and such objection was sustained by the Court, and the defendant's (Arnold) testimony to prove his account of payment, was excluded by the Court. The defendant next offered in evidence an account current rendered by Ezra Baker, Jr. against the said defendant, since giving the said note, and also the credits of money paid by defendant to the said Baker, since the giving of the said note, which account showed payments exceeding the whole amount of said note, and for which the said Baker before the transfer of the note, had given the said Arnold credit, on the book account, instead of applying the credit on the note. This evidence was admitted by the Court, but decided that unless the said Arnold had directed the specific application of the money to the note, the said Baker had a right to apply the payments to the book account.

The errors relied on, are, that the Court erred in not permitting Arnold to be a witness to prove his set-off against Baker, and in deciding that unless Arnold had directed the specific application of the money to the note, that Baker had a right to apply the payments to the book account.

By the 5th section(1) of an act to amend "*An act concerning Justices of the Peace and Constables*," approved February 13, 1827, it is enacted, that "In all trials before justices of the peace, when either party may not have a witness or other legal testimony, to establish his or her demand, discount, or set-off, the party claiming such demand, discount or set-off, may be permitted to prove the same by the testimony of the adverse party," &c. Is the assignor of the note the adverse party contemplated by this act? This question is readily answered by the fact that he is not a party to the suit. The suit can be carried on without the use of his name, and against his consent. He cannot therefore be considered in any sense the "adverse party" in the suit, and consequently the Court decided correctly in refusing to permit the defendant below to be sworn under the act above recited.

In relation to the law of appropriating payments, where the debtor pays generally, the rule is well settled, that the creditor may apply the payment to whatever debt he sees proper, unless there are circumstances that would render the exercise of such discretion on the part of the creditor unreasonable, and enable him to work injustice to his debtor. In this case, no circumstances exist that ought to take this power out of the creditor's hands.

The only evidence that any payment had been made to Baker, except what was credited on the note, was his admissions, in an account current, which account shows that the payments had

(1) R. L. 409; Gale's Stat. 420.

Q*

been applied towards the discharge of the amount in the ordina-nary course of dealing.  The fair inference in such a case is, that the application of the payments was in accordance with the views of both parties.  It is also a well settled rule of law, that where a party relies on the admissions of the other party, the whole of the admissions must be taken together.  The defendant below produced no evidence of payment whatever, except what is fur-nished by Baker's account current, and that shows that the pay-ments were made to settle the items of indebtedness charged against the defendant below.  It, therefore, taken together, amounts to nothing in proof of a payment on the note, as it does not appear from the bill of exceptions, that there was a balance due to the defendant below on the account current.

The Court therefore affirm the judgment below with costs.
*Judgment affirmed.*

(1) WILSON, Chief Justice, did not sit in this cause.