JOHN S. PROCTOR AND ANOTHER v. MARSHALL & JAMES.

The general rule of law is, that a debtor owing several debts to the same credi-
    tor, has a right to apply the payment at the time of making it, to which debt
    he pleases.   If he makes a payment without appropriating it, the creditor can
    apply it at his election ; and where neither appropriates it, it will be applied
    by the Court, according to its own view of the justice and equity of the case.
    But see subsequent reasoning by the Court.

Where A purchased a bill of goods from B for which he gave his note, includ-
    ing premium of insurance, and the goods being lost, B duplicated the order,
    for which no note was given, and soon afterwards received the insurance
    money ; held, that in the absence of instructions from A, B had a right to
    apply the insurance money first to the account for the last bill of goods.   But
    see argument of the Court on the special circumstances.
See this case as to how far a mercantile house can, by showing that a letter
    sent in the regular course of their business, was written by one of their
    young men without their knowledge, claim not to be bound by it, because of
    a mistake in it of a material fact, which mistake is obvious to the person to
    whom it is written.

Appeal from Caldwell.   Tried below before the Hon. Tho-
mas H. DuVal.

Suit by appellees against appellants.   March 16th, 1852, the
plaintiffs, merchants in New Orleans, sold to the defendants,
merchants at Lockhart in this State, a bill of merchandize,
which, including the premium of insurance and interest for six
months, amounted to $4847 88, for which the defendants gave
their note at twelve months.   The goods being lost at sea, the
defendants sent to plaintiffs an order, nearly a duplicate of the
first, which the plaintiffs filled, April 2nd, 1852, and which, in-
cluding insurance and charges, amounted to $4563 08.   Soon after
this, the defendants received a letter from the plaintiffs, dated
June 3d, 1852, in answer to one of theirs complaining that
some of the articles were short, in which, after answering the
complaints, (the writer saying he charged the goods himself,
and that they were checked back by our Mr. James, and were
certainly all packed,) they say :   " We have the pleasure of in-
forming you, the insurance company have allowed the insur-
ance on the goods lost, payable the 28th July next, which will
be applied to the cancelling your note in our favor, under date
of March 16th, 1852, and the balance of interest due you will
be credited on your last note due us."   Signed, Marshall &
James, per Clelapp.   It should be here remarked that the
amount insured was $5100.   On the 28th of July the plaintiffs
receive the said amount of $5100 from the insurance company,

and apply it first to the discharge of their account for the last bill of goods, for which a note had not been taken, and the balance of $600 88, to the note of defendants of the 16th of March. Nothing further transpires until the 14th May, 1854, when defendant Proctor writes plaintiffs a letter in which he acknowledges the receipt of a letter from plaintiffs ; expresses grateful feelings for the indulgence the plaintiffs had extended to them ; apologizes for the delay ; describes the prosperity of Lockhart ; and offers the plaintiffs some real estate in that town, which he represents to be worth $5000, "for the note you hold against us."

The next thing in order was the commencement of this suit on the note, to Spring Term, 1855 ; answer by defendants that it was paid by the insurance money ; amendment of petition, setting out all the facts, and praying judgment for the amount due on the account, in the event it should be decided that the insurance money should have been applied to the note. This amendment was not filed till April 22nd, 1856 ; but there was no exception or plea of limitation to it.

The defendants propounded interrogatories to the plaintiffs to prove the authenticity of the letter of plaintiffs of June 3rd, 1852. To which plaintiffs replied that it was written by one of their young men without their knowledge. A good deal of evidence was introduced to prove the custom of merchants in New Orleans ; on the direct examination all the witnesses testified that it is the custom to apply insurance money to pay the debt for which the goods lost were sold ; but on cross-examination, the answer was alike invariable, that where a debtor is indebted in both a note and open account, and insurance money is collected for him, it is customary to apply it first to the open account.

The Court instructed the jury, in substance, that if there was no contract between the parties, nor instructions from the defendants to the plaintiffs, to apply the insurance money to the note, then the plaintiffs had a right to apply it to the account.

Verdict and judgment for the plaintiffs. Motion for new trial overruled, and defendants appealed.

*T. Rogan* and *S. Ford*, for appellants.

*Chandler* and *Turner*, for appellees.

HEMPHILL, CH. J. The only question in this case, of much importance, is in relation to the appropriation of the money, collected by plaintiffs as agents for the defendants, for insurance on the first bill of goods which were lost on the coast of Texas. The plaintiffs applied it first to the payment of the open account for the last bill of goods, the balance being credited on the note for the first invoice of goods; and the defendants contend that it should have been applied first to the discharge of the note, and the remainder entered as a credit upon the open account. The general rule of law is, that a debtor owing several debts to the same creditor, has a right to apply the payment at the time of making it, to which debt he pleases. If he makes a payment without appropriating it, the creditor can apply it at his election; and where neither appropriates it, it will be applied by the law, according to its own view of the justice and equity of the case. (2 Greenleaf, Evi. §529; Story on Equity, §459b; Chitty on Contracts, p. 382; 9 Cowen, 747; 1 Mason, 338; 2 Cond. U. S. R. 613.)

The defendants in this case gave no directions as to the appropriation of the money received from the insurance office; and the plaintiffs were left to their election to make the appropriation. The principles and rules on which a creditor should act in the ascription of payments to several debts, when no directions are given by the debtor, have been fully discussed in a cause decided at the last Term not yet published, and I shall not now attempt to examine at large the doctrines, or deduce the rules on that subject. For this case it will be sufficient to say, that at most there is no such want of equity

in the plaintiffs' applying the payment first to the open ac: count, as would authorize a reversal of the judgment. Neither note nor account was properly bearing interest at the date of the payment. The note was taken for the first bill of goods, but these were substantially sold on a six months' credit ; for, though six months' interest was included in the note, yet no part of the note was due or payable for twelve months.

The insurance money was received and applied before the end of six months, consequently before interest had properly commenced running on the note, so that even under the rules of the Civil Law, requiring the creditor to apply the payment to the most onerous debt, the defendants would, in this case, have but slight ground of complaint. Had the payment been applied to the note, or had the defendants requested such application, the result would have been, doubtless, immediate suit upon the open account, instead of indulgence for nearly two years, (as was the case,) before suit on the note, an indulgence for which one at least of the defendants seems to have been sufficiently grateful ; so that substantially no possible benefit could have accrued from the ascription of the payment as now insisted on by the defendants.

The letter purporting to be from the plaintiffs was proven on interrogatories addressed to them, to have been written by one of their young men without their knowledge. The letter was evidently intended to be an answer to one from the defendants in relation to matters foreign to the insurance money or its appropriation ; and it is written on the assumption, manifestly, that a note was given as well for the last bill of goods as the first. Had this been the fact, it would have been perfectly immaterial in what manner the payment should be applied, whether to the extinguishment of one note or the other. But such was not the fact, and if the notice to the de. fendants that the money would be imputed to the note, could, under any circumstances, be binding where it does not appear that the agent had sufficient authority to give such notice, it

could not be held as obligatory when the suggestion was made under a mistake, and on a supposition that both debts were liquidated by note.

Judgment affirmed.