J. H. L. BRAY, FOR USE, ETC., v. JASPER CRAIN.

(Case No. 4087.)

1. APPLICATION OF PAYMENTS.—The direction of a creditor as to the application of a payment may be inferred from circumstances; and parol evidence, tending to show to which of two debts a debtor designed his payment to be applied, with notice of such intent on the part of the creditor, is admissible; following Howland v. Rush, 7 Blackf. (Ind.), 236.

2. SAME.— Where there is no direction as to the application of a payment, the creditor may determine how it shall be applied, unless the application made is unreasonable, or would work injustice to the debtor. One who receives specific articles, with instructions to apply the proceeds when sold to his individual debt, cannot apply the same to a firm debt.

APPEAL from Lamar. Tried below before the Hon. R. R. Gaines.

Suit brought April 23, 1874, by J. H. L. Bray, for the use of the Paris Exchange Bank, against Jasper Crain, in the court of a justice of the peace for Lamar county, under its increased jurisdiction, on a promissory note (not negotiable) for $950. On August 5, 1874, judgment was rendered in that court in favor of plaintiff for the debt, interest and costs, from which he appealed to the district court. The cause was again tried in the district court November 8, 1878, with judgment in favor of plaintiff. New trial granted November 14, 1878. Plaintiff, by amended original petition, set up that defendant was estopped from going behind the written note and contract of June 13, 1872, which was a full settlement between the parties, and pleaded the statute of limitation to certain offsets filed. Defendant, by amended answer, set up that the note was transferred

by J. H. L. Bray to the bank, after maturity, as collateral security, and that the bank transferred the same to W. B. Aiken, who had notice of defendant's equities; that the consideration for the note had partially failed, and that it had been paid off and satisfied in full by the delivery to J. H. L. Bray of certain cotton before defendant had notice of the transfer of the note; also setting up as offsets a note for $160, given by Bills with J. H. L. Bray as surety, and transferred to defendant, and an accepted order given by W. A. Hinds for $40. To this plaintiff filed a supplemental petition, setting up that at the time defendant procured the offsets mentioned, the note had been transferred to the bank, of which defendant had notice, and that, at Bray's request, W. B. Aiken, for value, took up the original note at the bank, and it was transferred to him, together with the collateral note sued on, in the usual course of trade, and denied that defendant paid any cotton upon this note, but averred that the cotton was paid and credited on the store account of defendant with E. & J. H. L. Bray, which still left a large amount of the account due. Verdict and judgment for defendant.

The plaintiff offered in evidence the note sued on for $950, the written contract between Bray and Crain, of the same date, showing that the note was given for an inclined wheel, complete, oxen to work on same, gin-stand complete, and $250 in money, advanced by Bray, and that Crain was to be entitled to a credit on the books of E. & J. H. L. Bray for all new lumber that was used on the wheel, etc. Plaintiff proved by witness J. H. L. Bray that W. B. Aiken was owner of the note; that the note and written contract were executed at the same time and constituted parts of the same transaction, and together expressed the whole of the contract between the parties; and that no part of the note has ever been paid. Defendant, upon cross-examination of this witness, and in the examination of witnesses Crain and Billingsly, offered to prove that in 1871 J. H. L. Bray sold to defendant Crain and Mr. Billingsly the inclined wheel, gin and gin-stand, and that at the time of making the trade had held out to them, as an inducement to the trade, that they could pay for the gin out of the toll cotton made on the gin; that Billingsly afterwards sold out his interest in the gin to Crain for $250 (Bray furnishing the money); and by witness Crain, that at the time of the trade between Bray, Billingsly and Crain in 1871, it was agreed that all the toll cotton should go to pay for the gin.

To all of the testimony plaintiff's counsel objected:

1. Because the written instruments fully express the contract between Bray and Crain of June 13, 1872.

2. There was no proper pleading under oath upon which to admit testimony going behind the written contract.

3. The testimony was irrelevant to the issue and calculated to mislead the jury.

Which the court overruled.

*Maxey, Lightfoot & Denton,* for appellant, cited Rockmore v. Davenport, 14 Tex., 602; Smith v. Garrett, 29 Tex., 53; Epperson v. Young, 8 Tex., 135; Callison v. Gray, 25 Tex., 84; Hogan v. Crawford, 31 Tex., 635; Hunt v. White, 24 Tex.. 643; Murphey v. Stell, 43 Tex., 127–8; 12 Tex., 50; 28 Tex., 653; 1 Greenl., Ev., sec. 275; Broom's Legal Maxims, p. 641; id., p. 491.

*Dudley & McDonald,* for appellees, cited Tooke v. Bonds, 29 Tex., 219; Johnson v. Boone, 2 Harr. (Del.), 172; Fairchilds v. Holly, 10 Conn., 175; Bank of North America v. Meredith, 2 Wash. C. C., 47; Bank of Muskingham v. Carpenter, 7 Ohio (part 1), 21; Brown v. Brobham, 3 Ohio, 277; Rundlett v. Small, 25 Me., 29; Donley v. Willson, 5 Leigh, 329; Parsons on Contracts, vol. 2, star pp. 142, 143, 144; Daniel on Negotiable Instruments, vol. 2, p. 227, last paragraph of sec. 1250; Stewart v. Keith, 12 Pa. St., 238; Smuller v. Marion Canal Co., 37 Pa. St., 68; Spiller v. Creditors, 16 La. Ann., 292; Otto v. Klauber, 23 Wis., 471.

WATTS, J. COM. APP.— Parol evidence is not admissible to contradict or vary the legal effect of a contract in writing. This is an elementary principle universally recognized and applied by the courts. It is also a well established principle that prior and contemporaneous verbal agreements are considered as merged in the written contract entered into between the parties. But the evidence introduced over the objection of the appellant, respecting the application of the payment made in cotton, and the charge given at the instance of the appellee upon the same, does not infringe either upon the one or the other of these principles. The right of the debtor, in making payments to his creditor, to direct how such payments shall be appropriated is undisputed.

In this case appellee claimed that the note sued on had been paid with cotton which he had delivered to Bray. That it was the understanding between the parties at the time he and Billingsly purchased the wheel, gin-stand, etc., from Bray, that the debt was to be paid out of the toll cotton. Appellant claimed that the cotton delivered by appellee to Bray was properly applied to a debt that appellee then owed to the firm of E. & J. H. L. Bray. So

far as this issue was concerned, the sole question before the court was as to which debt of appellee the payment of cotton was to be. applied. The evidence was adduced to show the understanding between appellee and J. H. L. Bray as to the application of the payment.

As is said in Hansen v. Rounsavell, 74 Ill., 238, a direction as to the mode of application of a payment may be implied from circumstances. An agreement before payment, or even the expression of a wish on the part of the debtor as to how a payment shall be applied, will amount to a direction to that effect.

In Terhune v. Colton, 12 N. J. Eq., 233, it is held that any acts which manifest to the creditor the intent of the debtor to make a particular appropriation of a payment are sufficient so to appropriate it.

The effect of the evidence objected to was competent as tending to show to which of the two debts Crain intended to apply the payment, and also that Bray was aware of that intent. This evidence did not in the remotest degree tend to contradict, vary or change the legal effect of the note or the written agreement. It had no relation whatever to the obligatory force and binding effect of either, but had reference solely to the application of payments made by the debtor. As heretofore remarked, the appropriation may be established by circumstances as well as words. Mitchell v. Dall, 2 Har. & J. (Md.), 159; Howland v. Rusch, 7 Blackf. (Ind.), 236; Ilsley v. Jewett, 2 Metc. (Mass.), 168.

However, where a partial payment is made by a debtor to a creditor who holds more than one claim against him, and there has been no actual appropriation of the payment by the debtor at or before the time of payment, it is well settled that the creditor may apply it as he pleases. But if there are circumstances which would render the exercise of such discretion on the part of the creditor unreasonable, and which would enable him to work an injustice to his debtor, then the rule is otherwise. Taylor v. Coleman, 20 Tex., 772; Arnold v. Johnson, 2 Ill., 196; Jones v. Williams, 39 Wis., 300; Whitaker v. Groover et al., 54 Ga., 174.

This understanding or agreement between the parties amounts to nothing more than a direction in advance of how payments are to be applied. Thus considered, there is no error in the ruling of the court admitting the evidence, or in the charge given at the instance of the appellee.

It is claimed that the court erred in giving the following charge at the instance of appellee, to wit: 2. "I charge you, that if Bray received and receipted for the cotton in his individual name, to be

by him appropriated to the payment of the debt due from Crain to him individually, then he could not afterwards change the appropriation and apply said cotton to the payment of the debt due from defendant Crain to the firm of E. & J. H. L. Bray.

The evidence clearly shows that the understanding was that the claim might be paid in the toll cotton, and Crain had at different times delivered cotton to Bray, amounting in the aggregate to seventeen bales. Afterwards Bray gave Crain a receipt as follows:

"Received of Jasper Crain seventeen bales of cotton, to be accounted for on settlement with him.

(Signed)                    "J. H. L. BRAY.

"April 5, 1873."

The vice in that charge is claimed to arise out of the fact that, at the time the receipt was given, Crain knew the note had been assigned to the bank. It does appear that upon that day Crain was informed of the assignment of the note, but whether it was before or after the receipt was given does not appear. But, considering the evidence, the charge tersely, clearly and most appropriately announces the law to be applied by the jury. Most certainly, if Bray received the cotton to be applied to his individual use, he could not afterwards apply it to a firm debt. Besides, having receipted for the cotton in his individual name, is certainly a circumstance tending, at least, to show that the appropriation was intended to be to his individual debt.

Appellant's fourth assignment of errors is not supported by the record. The rule could not be expressed in plainer terms: "if it be distinctly understood when the payment is made, to what debt it shall be credited, immediately upon payment the credit becomes vested." Considering this in connection with other portions of the charge, and in the light of the evidence, there would seem to be no possible chance for the jury to have misunderstood the meaning, import and application of the same to the case under consideration.

Appellant had asserted two years' limitation to the offsets pleaded by appellee; whether or not this included the payment claimed to have been made with the cotton, is not very clear from the state of pleadings. But whether it did or not, is immaterial, for undoubtedly the appellant was not injured by the charge, nor could it have misled or confused the jury.

We have carefully examined the record, and conclude that the judgment is fully supported by the evidence, and that it ought to be affirmed.

AFFIRMED.

[Opinion approved May 15, 1883.]