## J. V. HINKLE ET AL. V. POMPEY HIGGINS.

### No. 3409.

1. **Application of Payments—Verified Accounts.**—Suit on a vendor's lien note for foreclosure of the lien. The deed contained a clause, "that one-half of the crop of the maker should be applied each year to the extinguishment of the purchase money notes." Suit was upon the last note, others having been paid. The defendant pleaded payment, in that he had delivered forty-seven bales of cotton, one-half of which was sufficient to have discharged the note. The plaintiffs rejoined by alleging that the proceeds of the cotton had been applied on an account for merchandise against the defendant. To this pleading was attached verified accounts for each year, as prescribed when action is brought upon such accounts. Rev. Stats., art. 2266. The correctness of the items in the account was not contested. The accounts were admitted in evidence *only* to show the correctness of the application as made by the plaintiffs, but the court refused to allow them to have the effect of precluding the defendant from inquiring into the correctness of the application as made by the plaintiffs, the plaintiffs insisting that the accounts were evidence of the correctness of such application, or as corroborative of testimony to the application given by one of the plaintiffs. *Held*, no error. The statute has no application, as this action was not "founded upon an open account," nor could corroborative facts be proved by ex parte affidavits.

2.  **Application of Payments.**—The court properly admitted testimony of defendant that he had directed that the note sued on be paid out of the proceeds of the cotton delivered.

3.  **Fact Case.**—See testimony held sufficient to sustain a finding that the defendant had directed that the note be paid out of the proceeds of the cotton.

4.  **Charge Error but Harmless.**—See charge held error but which could not have injured the appellant. Nor is such charge upon the weight of evidence. See opinion.

APPEAL from Brazoria. Tried below before Hon. W. H. BURKHART. The opinion states the case.

*Oscar D. Kirkland,* for appellants.—1. Plaintiffs had the right, in the absence of a special instruction to the contrary from the defendant Pompey Higgins, to apply the cotton to the payment of the store account, and when so applied such application could not be changed by defendant; and plaintiffs having so applied it, and defendant Pompey Higgins having ratified it by giving his note for an unpaid balance of account, and plaintiffs having pleaded such application and ratification and attached to their pleading itemized accounts, verified according to the statute, showing such application and such ratification, such verified accounts established prima facie the application and ratification; and in the absence of a written denial under oath, defendant could not question or controvert such application and ratification. Rev. Stats., art. 2266; Persons v. Frost, 25 Texas Sup., 129; Drew v. Harrison, 12 Texas, 279; Corder & Parish v. Wilder, 1 Ct. App. C. C., sec. 14; Taylor v. Coleman, 20 Texas, 772; 2 Greenl. on Ev., 529, 532; 2 Pars. on Con., 629; Stanley v. Westrop, 16 Texas, 200; Matossy v. Frosh, 9 Texas, 610.

2.  The evidence being conclusive and uncontradicted by legal testimony that Pompey Higgins executed the note sued on, and that it was secured by a vendor's lien on the land described in plaintiff's petition, and that plaintiffs were the owners and holders thereof, a verdict for defendant should not be allowed to stand, and a new trial should have been granted. Railway v. Wallen, 65 Texas, 568; Railway v. Bracken, 59 Texas, 71; Railway v. Schmidt, 61 Texas, 282; Kesler v. Zimmerschitte, 1 Texas, 50; Brook v. Moreland, 32 Texas, 380; Brown v. Horless, 22 Texas, 645.

*H. Masterson,* for appellee.—1. The action of appellants was not founded in whole or in part upon the verified account referred to, and appellees were not required to deny the correctness of said account under oath.

2.  The question of the application of the proceeds of said forty-seven bales of cotton was a matter of special contract between the parties, and could not be proved or established by the ex parte affidavit of appellants.

3.   Neither the action of appellants nor the defense of appellees being founded upon said verified account, the provision of article 2266 of the Revised Statutes had no application to the matters in issue. The filing of said account was mere surplusage in the case, and did not deprive appellee of the right to show the payment in full of the note sued on, without first having denied the correctness of said open account under oath.

4.   Appellee had the right to apply the proceeds of said cotton to the payment of either debt; and having made such application at the time of payment, appellants could not afterward change such application nor defeat the right of appellee to show such application by the filing of said verified account.

As to special contracts: McCamant v. Batsell, 59 Texas, 363; Railway v. Hays, 1 Ct. App. C. C., sec. 759; Railway v. Smith, 2 Ct. App. C. C., sec. 51.

As to the right to apply payments: Proctor v. Marshall, 18 Texas, 67; Gardner v. Watson, 76 Texas, 25.

MARR, JUDGE, *Section A.*—The appellants brought this suit against the appellee, upon a certain "purchase money promissory note, dated January 1, 1881, for $291.70, payable to the order of B. T. Masterson on January 1, 1885, and drawing interest from date at the rate of 12 per cent." The note was executed by the appellee Pompey Higgins, as well as three others, in similar amounts and for the same land, but they appeared to have been duly paid off as they fell due, long before this suit was begun.  Masterson reserved an express lien in the deed which he made to the appellee, to secure the payments of said notes, and it was further stipulated in said deed, that "one-half of the crop" of the appellee should be applied each year to the extinguishment of said notes.  The note in suit was transferred by B. T. Masterson to H. Masterson, and by the latter to the appellants, both indorsed, "without recourse."

This suit is to recover the amount of the last mentioned note and to foreclose the vendor's lien upon the land conveyed by B. T. Masterson to the appellee.  The deed, which describes the land and reserves the lien, is made an exhibit to plaintiffs' petition.  Other parties were made defendants pro forma, but they need not be mentioned.  The appellee claimed that he had fully paid off the note by the delivery of forty-seven bales of cotton to the appellants, one-half of which he directed to be applied to the note, or so much thereof as should be necessary, and the residue to his accounts with the appellants.  The jury rendered a verdict in his favor, and the plaintiffs have appealed.  One-half of the proceeds of the cotton delivered by the defendant to the appellants would have more than satisfied the note, had such application been made, but the entire proceeds were not sufficient to discharge both the

note and the accounts, and the plaintiffs applied the proceeds to the accounts, and sued upon the note.

By a supplemental petition, the appellants set up their accounts as merchants against the appellee, showing that they had applied the proceeds of the cotton to the accounts, but they asked no judgment upon the accounts, which appear to have been discharged by the cotton or closed by note for the balance. There was no issue in the case as to the correctness of the items of the accounts. The accounts for each year are verified by affidavit, as required by the statute when suit is brought upon an open account. Rev. Stats., art. 2266. These accounts were admitted by the court in evidence to show the correctness of the items to which the proceeds of the cotton had been applied by the plaintiffs, but the court refused to allow them to have the effect of precluding the defendant from inquiring into the correctness of the application of the cotton as made by the plaintiffs; or rather, from proving that one-half of the proceeds of the cotton should have first been applied to the extinguishment of the note. The defendant did not deny, under oath, the correctness of any item of the account; and hence the appellants contend that the accounts, verified by affidavit, were conclusive not only of the justness of the account but also of the question of the proper applications of the proceeds of the cotton; and furthermore, should have been received as corroborative evidence of the testimony of one of the plaintiffs upon that subject. This action of the court is assigned as error, but we think that it is without error. McCamant v. Batsell, 59 Texas, 363. These facts, as well as all others relied upon by the plaintiffs as corroborations or as admissions against the defendant, are required to be proved by competent evidence, and can not be proved by ex parte affidavits. The statute cited above has, besides, no application whatever to the question, as this "action is" not "*founded* on an open account."

It is also assigned as error, that "the court erred in permitting the defendant Pompey Higgins to testify, over the objections of the plaintiffs, that he had instructed the plaintiffs to apply the proceeds of the cotton received of him to the payment of the note sued on in this case."

The only ground of objection to the admission of this testimony, as shown by the bill of exceptions, is the following: "Because said defendant had not denied said accounts under oath." We have already disposed of this objection; but appellants in their brief assign two other reasons why the testimony objected to ought not to have been admitted. Though not required to, we will nevertheless notice these additional reasons or grounds of objection. First, it is claimed that the answer contains no allegation of "any special contract or understanding as to the application" of the proceeds of the cotton; and secondly, that in the absence of special instructions to the contrary the plaintiffs had "the right to apply the cotton to the payment of the

store account," etc. Upon examination, we find that the answer of the defendant contains a proper plea of payment of the note, and allegations to the effect that the defendant directed the plaintiff, and that they agreed to apply the cotton to the note to the extent which he claims should have been done. We also understand that the defendant had the right to direct the application of the proceeds of the cotton to the payment of the note instead of the account. If he had failed to request such application, then the plaintiffs might perhaps have applied the cotton to the accounts. Proctor v. Marshall, 18 Texas, 67; Gardner v. Watson, 76 Texas, 25. The allegations being sufficient to admit the proof, the first ground of objection fails and the second necessarily falls with it.

It is in the next place assigned as error, that the court erred in not granting the motion for a new trial on account of the insufficiency of the evidence to support the verdict; and here again the plaintiffs invoke the supposed irresistible probative force of those "verified accounts." The defendant testified, in addition to the recital in the deed before mentioned, that he *did* direct the plaintiffs to apply one-half of the proceeds of the cotton, less $125, to the note, and that by "special agreement" with them they agreed to do so; that "he had never agreed that the one-half of the proceeds of the cotton which was to be applied to the note should be applied to the open account;" that the note was to be paid in the same way the other notes had been—out of the cotton. It also appeared from one of the statements of accounts as rendered by plaintiffs (before this controversy had arisen) to the defendant, that they had applied the proceeds of the cotton for one of the years to the note. Of course this application does not appear in the verified accounts annexed to the supplemental petition. One of the plaintiffs testified in explanation of the above statement, that it was only a "memorandum of defendant's indebtedness, given at his request, to show his indebtedness to them, and that no part of the said note was paid," etc. This witness also testified, "that he had *no memory* of any understanding with said Pompey that one-half of the cotton raised on the land should be applied to the payment of the note." Evidently this is not a denial that such an "understanding" did in fact exist.

The foregoing is a fair summary of all the evidence bearing upon the point now in issue, and in view of which we are constrained to hold that the verdict of the jury is not without sufficient evidence for its support.

The last assignment of error complains of the charge of the court in one particular. The paragraph objected to is as follows: "It is contended by plaintiffs, that of the proceeds of the cotton received by them from defendants by an understanding and agreement between them (plaintiffs and defendant Higgins), the proceeds of the cotton

were to be applied to open account against defendants. It is contended by defendant, that the proceeds of the crops were to go to the extent of extinguishing the note; that the note sued on has been paid by the crops; and that if plaintiffs saw fit to make an application of the proceeds of the crops to store accounts, they ought not to have done so, and they can not now assert that the note is unpaid. You will determine this case by the preponderance of evidence deemed by you to be credible. If under the foregoing charges you should believe there is anything due on the note, then find for plaintiffs the amount you believe to be due, and state that the note was for the purchase money of the land. If you believe under the foregoing charges that the note has been paid off by the proceeds of the crops, find for defendant."

This instruction unquestionably misstated the position assumed by the defendant in reference to the application of the cotton. Neither the proof nor the pleadings show that "the proceeds of the cotton" were to be applied to the payment of the note alone, but only one-half thereof. It clearly appears, however, that one-half of the proceeds of the forty-seven bales of cotton delivered by the defendant to the plaintiffs was very much more than sufficient to have discharged the note, and therefore we think that the error in the charge was harmless, and could not have injured any right of the plaintiffs. We are also of the opinion that this paragraph of the charge is not, as claimed by the appellants, upon the weight of the evidence.

Our conclusion is that the judgment ought to be affirmed.

*Affirmed.*