### E. JARVIS v. J. V. MATSON ET AL.

Decided October 31, 1908.

**1.—Contract—Joint Liability—Contribution—Evidence.**

Plaintiff and defendants were members of a committee bound by contract to secure a right-of-way for a railroad; it was expected to raise the necessary money by general contribution; pending the collection of contributions it became necessary from time to time to borrow money to pay for the right-of-way, and plaintiff advanced the money for this purpose, taking the notes of such members only as were accessible as evidence of the advancement; upon a final settlement it was found that the donations and contributions received by the committee were not sufficient to repay to plaintiff the money advanced by him. In a suit by the plaintiff against the other members of the committee for contribution, the plaintiff should have been permitted to testify that the

money was advanced to discharge the joint obligation of the entire committee, and that in taking the notes it was not intended to hold responsible only those members of the committee who signed them. The notes were not necessarily conclusive evidence of the character of the transaction.

**2.—Contribution—Limitation.**

In suits for contribution the right of action is upon the implied promise for reimbursement, and the statute of limitation commences to run against such action from the date of each payment by the plaintiff, but when, by agreement between the parties, the contribution is not to be paid until a certain date, limitation will not commence to run until such date. Evidence considered and held to raise this issue.

**3.—Statute of Limitation—Application of Payments—Equitable Rule.**

Where, of two debts, one would be barred by limitation at the time suit was filed and the other would not, unapplied previous payments should be applied to the debt which was barred by limitation. Rule applied.

Appeal from the District Court of Hill County. Tried below before Hon. W. C. Wear.

*E. W. Bounds* and *Vaughan & Hart,* for appellant.—Where the liability of a litigant depends on the intention of the parties it is permissible to introduce evidence as to motive and intention of the party to the acts and transactions under investigation, specially so when the pleadings present such an issue. Roberts v. Short, 1 Texas, 383; Epperson v. Young, 8 Texas, 138; Smith v. Falwell, 21 Texas, 467; Reece v. Renfro, 68 Texas, 196; Gardom v. Woodward, 44 Kan., 758; Stearns v. Gosselin, 58 Vt., 38; Jefferds v. Alvard, 151 Mass., 95; Wilson v. Clark (Ind.), 27 N. E., 310.

*Morrow & Smithdeal,* for appellees.

TALBOT, ASSOCIATE JUSTICE.—This is the second appeal in this case; see 94 S. W., 1079. The suit was filed on the 22d day of August, 1905, by appellant against J. V. Matson, J. M. Carroll, Lee Frisby, T. C. Morgan, W. R. Bounds, Myrtle H. Davis, W. A. Putnam, J. M. Peden, J. R. Jones, Jr., M. P. Harwood and J. E. Clonch. It is alleged, in substance, that the plaintiff and the defendants, on the 21st day of October, 1902, executed a written contract or bond payable to one R. H. Baker, in which said parties obligated and bound themselves to procure for the Trinity & Brazos Valley Railway Company the right of way for a certain distance in Hill County, Texas, and as rapidly as the same was required, for the construction of said road; that plaintiff and defendants were constituted a right-of-way committee to procure said right of way, and that it was contemplated that the necessary funds with which to secure said right of way would be raised by subscriptions and donations from the citizens of said Hill County; that said committee was unable to collect sufficient money by contributions and subscriptions to purchase the right of way as rapidly as was required for the construction of said road, and it became necessary, in order to perform their obligations to R. H. Baker, as the representative of said railway company, to secure an advancement or loan of money; that the necessary loan or advancement, which amounted to $4,000, was ob-

tained from plaintiff in two separate amounts, namely, $2,500 on the 17th day of July, 1903, and $1,500 on the 26th day of August, 1903; that it was the custom of said committee to execute notes through such members of the committee as were accessible to sign them, for money advanced to it for the purposes stated, and that sundry such notes were so executed. Plaintiff further alleged that about August 17, 1905, all of the money that could be collected by contributions and other sources had been received; that on said date a complete statement of the account on the part of said committee, with paid funds so received and paid out by it, was made, and it was ascertained that plaintiff had been repaid of said $4,000 the sum of $1,375.45, leaving due him by said signers of said contract and bond referred to the sum of $2,629.55; that by the terms of said contract and bond the defendants became and are jointly and severally bound to plaintiff to make contributions to him for their several proportional parts of said sum of $2,629.55, except defendant Putnam, who, by limitation of his liability in said bond and contract, is only liable for the sum of one hundred dollars, for all of which plaintiff sues.

The defendants, Matson, Carroll, Morgan and Clonch answered, pleading to the jurisdiction of the court, the statute of limitations of two years, a general denial, and in substance that the $4,000 claimed by the plaintiff to have been advanced by him for the use of said right-of-way committee, was not so advanced, but was a loan made by him at the request of the defendant Bounds and others, and was made upon the faith of said Bounds and others to refund the same with interest at the rate of ten percent per annum. The other defendants did not answer, but made default.

A jury was empaneled, and the court, after hearing the evidence, instructed a verdict in favor of all of the defendants except Bounds and Putnam. As to these two defendants, the court instructed a verdict in favor of the plaintiff against Bounds for $252, and Putnam for $100. One of the parties who signed the contract and bond made the basis of the suit, died insolvent, and his legal representatives were not sued. There was testimony tending to show that the defendants Mrs. Davis, Frisby, Peden and Jones paid part of the amount claimed pending the suit, and we presume the verdict was directed in their favor, although they had not answered, upon the theory that plaintiff had not sued on the notes, and that they had paid their respective proportional parts of the said $2,629.55. It does not expressly appear upon what ground the verdict was instructed in favor of the defendants Matson, Carroll, Morgan and Clonch, but we presume the trial court was of the opinion that the $4,000, claimed to have been advanced by the plaintiff to the committee, was money loaned to those parties who signed the notes taken at the time the money was paid over, and that said last-named defendants were not liable for the repayment of any part thereof, and further, as to Clonch, that he was not liable, because he was neither a party to the contract and bond nor to the notes taken for the said $4,000.

Appellant's assignments of error, from the first to the fourth inclusive, complain of the trial court's action in excluding certain testimony offered by him. The bills of exception presented in support of these several assignments show that, by proper questions propounded by

appellant's counsel, they sought to show by appellant that (1) his purpose in taking the two notes was to hold same as evidence of the transaction and as collateral security for the payment of the money by the signers of the bond and contract for right of way; (2) that it was not the intention or purpose of appellant, in taking said notes, to look to the parties who signed them for repayment of the money until he had failed to be reimbursed by the signers of the right-of-way bond and contract; (3) that the money received by the appellant as payment on the $4,000 was derived from contributions made by citizens to pay for the right of way, and from money paid by some of the parties who had signed the notes, after it was found that a sufficient amount could not be collected from the contributions with which to pay the entire amount of $4,000 that he let the committee have; (4) that the $4,000 evidenced by the said two notes was not loaned by appellant to the parties signing said notes for the purpose of discharging their joint obligations as members of the right-of-way committee, but was advanced and paid to discharge the joint obligations of the whole committee. The objections urged to the admissibility of the testimony were, that it was immaterial, and that the notes speak for themselves.

We are of the opinion that all of this testimony was pertinent to the issues made by the pleadings, was admissible, and that the court committed reversible error in excluding it. If the $4,000 was advanced by appellant to discharge the joint obligation of the members of the right-of-way committee, assumed by them in the execution of the contract to Baker, and he took notes of only a part of the committee therefor, as alleged, the money so advanced having been in fact used, as seems to appear from the undisputed evidence, to discharge such obligations, parol evidence was admissible to show the real character of the transaction resulting in the taking of said notes. In a supplemental petition the appellant alleged that it became necessary in the progress of the undertaking to secure the right of way to use a considerable amount of cash, more than was available from the sources open to them, and that the committee saw fit to and did borrow the money needed in such business and transaction from the appellant Jarvis, from time to time, as it was needed, and that it was the custom of the committee to reimburse appellant from donations, assessments and contributions when they had sufficient money on hand. As argued by counsel, appellant being one of the parties with appellees to the right-of-way contract executed to Baker, and there being evidence properly admitted tending to show that the $4,000 in question was advanced by him to the right-of-way committee for the purpose of performing the obligations resting upon them all, it was proper to show the purpose and intention of taking the notes; that is, whether it was appellant's intention and purpose to look to the parties signing the notes for repayment of the money advanced in the first instance, and whether said notes were accommodation papers for the benefit of the entire committee, or a loan made by appellant on the individual credit alone of the makers of said notes. The fact that the terms of the notes were clear and unambiguous would not alter the rule, and the appellees objecting to the introduction of the evidence excluded not being parties to the notes, no question of varying the terms of a written contract by parol evidence was involved. If appellant fur-

nished the $4,000 to the right-of-way committee under the established custom and business policy adopted by the committee, to be used in carrying out the contract entered into with Baker, then the mere taking of the notes of some of the members of that committee would not release the appellees, who would otherwise be liable for their respective pro rata parts thereof from such liability.

But it is contended by the appellees that appellant's cause of action, if any he ever had against them, was barred by the statute of limitations of two years. Conceding, as is the well-settled general rule, that in suits for contribution the right of action is upon the implied promise for reimbursement, and that the statute of limitations commences to run against such action from the date of each payment made by the plaintiff (Faires v. Cockerell, 88 Texas, 428), yet clearly in this case appellant's right to recover, if otherwise entitled to do so, the excess of his share of the $1,500, was not barred. The record shows that the original petition was filed August 22, 1905, and this sum was paid and advanced by appellant on the 26th day of August, 1903, hence two years had not elapsed from the date of such advancement up to the time of the institution of suit.

We are also inclined to the opinion that his right to recover the proportional parts claimed to be due of the $2,500, although the suit was filed a little more than two years after the payment of said sum, was not barred. The note evidencing the amount of this advancement was payable November 1, 1903, and there is evidence going to show that it was the custom of the right-of-way committee, of which appellees were members, to secure the loan or advancement of money, when necessary. to enable them to fulfill their agreement with Baker as the representative of the railway company, and execute notes therefor payable in the future, and that it was contemplated and expected that such sums were to be repaid to the lender out of collections made from time to time thereafter from subscriptions and contributions. Such being the practice, custom and policy of the committee, we think that said note, notwithstanding appellees were not liable upon it, was legitimate evidence to be considered in determining whether or not the general rule above stated—that limitation begins to run from the date of payment—was varied by the understanding of the parties, and was, together with the other facts shown, sufficient to justify the conclusion that, by mutual agreement, no demand for contribution of the sum evidenced by said note should be made by the appellant until the date of the maturity thereof; and this suit having been instituted before the expiration of two years from that date, appellant's right of action was not barred. If the money advanced by appellant was not to be repaid until some definite time in the future, then no cause of action accrued to him for contribution until such time, and suit could not sooner be brought therefor. If, however, it should be established upon another trial that no such agreement to repay the money in the future existed, then the general rule announced would obtain, and appellant would not be entitled to recover any part of said $2,500; but in this event we think it proper to say, for the guidance of the trial court, that the $1,375.45—the amount shown to have been repaid appellant, should be credited on said sum of $2,500.

These views render it unnecessary to discuss other assignments.

The judgment of the court below is reversed and the cause remanded for a new trial as to all of the defendants to the suit in accordance with this opinion.

*Reversed and remanded.*