CITIZENS' LUMBER CO. v. MARR et al.

(Court of Civil Appeals of Texas. Austin. Feb. 5, 1913.)

PAYMENT ꞏ(§ 38*)—APPLICATION—DIRECTION BY DEBTOR.

A debtor may, at the time of making a payment, direct its application, though the payment be in property or the proceeds to be derived from the sale of property.

. [Ed. Note.—For other cases, see Payment, Cent. Dig. §§ 99–183; Dec. Dig. § 38.*]

Appeal from San Saba County Court; J. T. Hartley, Judge.

Action by the Citizens' Lumber Company against J. R. Marr and another. From judgment for defendants, plaintiff appeals. Affirmed.

Flack & Dalrymple, of Llano, and Joe P. Flack, of San Saba, for appellant. P. M. Faver and G. A. Walters, both of San Saba, for appellees.

JENKINS, J. The agent of appellant and appellee ꞏ J. R. Marr owned certain vendor's lien notes to the amount of $1,500, being equal owners in said notes. Said notes being in the possession of the agent of said Lumber Company, Marr instructed him to sell them, and apply the proceeds to the payment, first, of the note herein sued on, on which J. R. Pope was surety, and the balance to an account owing by said Marr to the Lumber Company. The contemplated sale of said notes was not made, and said agent reported said fact to said Marr, and stated that the company might take said notes. Marr consented that they might do so, instructing said agent to apply them as above stated. Said agent applied said notes to the payment of Marr's account, and brought suit on said note. There was a judgment in favor of appellees, defendants in the court below.

Appellant admits the general proposition that a debtor may direct the application of money at the time of the payment of the same, but contends that his direction of the application of property, or the proceeds thereof, is not binding on the creditor, unless the creditor at the time expressly agreed to so apply said proceeds. If there was any difference in principle as to whether payment was made in money or property, we think it could not be contended that the creditor should expressly agree to make the application, as directed at the time of receiving the property, but that his receiving the same without objection would be an implied agreement to make the application as directed. Appellants have cited no authority sustaining their contention that payment made in property rests upon a different basis than that · made in money, and we know of no such authority. The contrary has been held in this state. Bray v. Crain, 59 Tex. 649; Hinkel v. Higgins, 83 Tex. 615, 19 Sꞏ W. 147; Larkin v. Watt, 32 S. W. 554. The issue as to whether or not appellee Marr directed the proceeds of said vendor's lien notes to be applied first to the payment of the note herein sued on was ꞏ submitted to the jury, and the evidence is sufficient to sustain their finding in his behalf.

Finding no error of record, we affirm the judgment of the court below.

Affirmed.