### JOHNSON et ux. v. COX.   (No. 151.)

(Court of Civil Appeals of Texas. Waco. Feb. 26, 1925. Rehearing Denied April 2, 1925.)

**1. Trial ⬳352(1)—Special issue held erroneous as putting burden on debtors to show that creditor agreed to apply payment on notes secured by deed of trust.**

In suit by debtors to enjoin sale of homestead, in which defendant by cross-action asked for judgment on notes and foreclosure of lien, and plaintiffs alleged that on making payment they had directed it to be applied first to notes secured by deed of trust, and balance to interest on other notes, special issue asking if from preponderance of testimony defendant agreed to credit notes as alleged by plaintiffs, was erroneous as putting burden on plaintiffs to show that defendant expressly agreed to apply money on notes as alleged.

**2. Payment ⬳38(1)—Debtor at time of payment has right to require creditor to apply it as debtor desires.**

Debtor, at time of payment, has absolute right to require creditor to apply it as debtor desires, regardless of whether payment is made in money, personal property, or services rendered, and agreement of creditor thereto is not necessary.

**3. Appeal and error ⬳172(1)—Pleading ⬳370—Issue not raised by pleadings can be passed on by neither appellate nor trial court.**

In suit by debtors to enjoin sale of homestead under deed of trust, issue as to whether defendant broke alleged contract entered into at time of payment by plaintiffs, not raised by pleadings, could not be considered by either trial court or appellate court.

**4. Evidence ⬳317(7)—Admission of evidence of conversation held error as being in nature of hearsay not throwing light on issue as to application of payment, etc.**

In suit by debtors to enjoin sale of homestead under deed of trust in which only issue in controversy was whether plaintiffs gave certain direction as to manner of application of payment on notes, permitting defendant to testify as to conversation he had with attorneys, and as to condition of plaintiff's stock and farm on inspection by him, was error, being in nature of hearsay, not throwing any light on main issue, calculated to prejudice jury, and not supported by pleadings.

**5. Evidence ⬳354(5)—Admission of ledger account, not original book of entry, held error.**

Only original books of entry are admissible, and admitting in evidence account in ledger, not original book of entry, was error.

Appeal from District Court, Ellis County; W. L. Harding, Judge.

Suit by W. P. Johnson and wife against A. E. Cox, in which defendant brought cross-action. From a judgment for defendant, plaintiffs appeal. Reversed and remanded.

House & Wilson, of Dallas, for appellants. G. C. Groce, of Waxahachie, for appellee.

BARCUS, J. Appellant W. P. Johnson and wife filed this suit against appellee, alleging that on November 12, 1921, there was unpaid against their home in Ferris, Tex., two vendor lien notes of $500 each, and two notes of $250 each, secured by a deed of trust; that one of the $500 notes and one of the $250 notes were payable January 1, 1922, and the other two notes were payable January 1, 1923; that appellee held all of said notes; that on said date, November 12, 1921, appellant sold and delivered to appellee some mules, wagons, and implements, at an agreed price of $600, and directed appellee to apply said $600 to the payment of the two $250 notes on their home, and the balance to the interest on the two $500 notes; that appellee failed to so credit said $600, and that in December, 1922, appellee had appellants' home advertised for sale under the deed of trust which he claimed to hold to secure the two notes of $250 each. Appellants alleged that when the deed of trust was given, the property was their homestead, and they alleged that they had made a tender to appellee of all the money due on the four notes against their home, but that appellee was claiming $600 more than they owed. They asked for and obtained a temporary writ of injunction. Appellee, for answer, filed a general denial and a cross-action, asking for judgment on the four notes, together with a foreclosure of his lien. The cause was tried to a jury and submitted on special issues, and resulted in a judgment being entered in favor of appellee against appellants for $1,670.65, with interest from date of judgment and foreclosure of his liens.

[1] The first special issue submitted by the court was:

"Do you believe from a preponderance of the testimony that it was the agreement of W. P. Johnson and A. E. Cox that in consideration of the delivery to Cox of the mules, wagons, and implements by said Johnson on or about November 12, 1921, that said Cox should credit Johnson's notes with $600 as follows: First, satisfying the two $250 notes, and applying the

balance to the payment of interest on the $500 notes? You will answer, 'Yes,' or, 'No.'"

To which the jury answered, "No."

[2] Appellants excepted to said special issue because it put the burden on them to show that Cox expressly agreed to apply the $600 on their notes, when they were only required to prove that they directed such payment to be applied on the land notes. We sustain this assignment. A debtor, at the time he makes a payment, has the absolute right to require the creditor to apply the payment as he, the debtor, may desire. Phillips v. Herndon, 78 Tex. 378, 14 S. W. 857, 22 Am. St. Rep. 59; Peck v. Powell (Tex. Civ. App.) 259 S. W. 645. It makes no difference whether the payment is made in money, or personal property, or services rendered, the debtor has the same right to direct the application of the payments. It is not necessary for the creditor to agree to apply the payments as directed, but as a matter of law he is required to apply them if the debtor gives the direction at the time of payment. Hinkle v. Higgins, 83 Tex. 615, 19 S. W. 147; Citizens' Lumber Co. v. Marr (Tex. Civ. App.) 153 S. W. 660; Bray v. Crain, 59 Tex. 649; Reed v. Corry (Tex. Civ. App.) 61 S. W. 157; Carson v. Cook County Liquor Co., 37 Okl. 12, 130 P. 303, Ann. Cas. 1915B, 695; 21 R. C. L. pp. 88, 89; 30 Cyc. pp. 1228–1240. The trial court should have so framed the issue as to submit the question to the jury as to whether the appellants, at the time of payment, directed the appellee to apply the $600 derived from the personal property on the payment of the land notes.

[3] Appellants assign error to the action of the trial court in refusing to allow them a credit of $600 on the land notes by reason of the admission of appellee in his testimony, to the effect that in order to get appellants to deliver to him the $600 worth of personal property in November, 1921, to be applied on the payment of a note which appellee held signed by J. S. Johnson, the brother of W. P. Johnson, and which was indorsed by W. P. Johnson, that he, appellee, agreed to finance W. P. Johnson for the year 1922 so that he, Johnson, could make a crop, and that after he had obtained the personal property from Johnson, he, appellee, then broke said contract, and refused to finance Johnson for the year 1922. Appellants contend that, as a matter of law, after appellee broke the contract, they had the right to have said $600 applied on the vendor lien notes. This issue was not raised by the pleadings, and neither the trial court nor the appellate court can render a judgment without pleadings to support same. Appellants do not claim any fraud was practiced upon them at the time the property was delivered to appellee; neither do they plead a breach of any contract, or that they were damaged in any way by appellee's breach of any contract. The only issue put in controversy by appellants was as to whether they directed the appellee to apply the $600 on their land notes, and appellee's answer consisted only of a general and special denial of appellants' contention, and a cross-action on his part for the amount due on his notes, together with a foreclosure of the lien. Neither party pleaded any agreement as to how the funds should be applied. We do not want to be understood as holding appellant would be entitled to the relief if the pleadings were sufficient. We do not pass on that question, since it is not properly presented.

[4] Appellants complain of the action of the trial court in permitting appellee to testify with reference to the conversation he had with attorneys in Dallas, and with reference to the condition in which he found the farm and stock of appellants in March, 1922, when he inspected same in the absence of appellants. This testimony should not have been admitted. It did not throw any light on the issue as to whether appellants had directed the payment to be applied on the land notes, was in the nature of hearsay, was calculated to prejudice the jury, and was not supported by the pleadings.

[5] Appellants complain of the action of the trial court in permitting appellee to introduce his ledger account between him and appellant in evidence, because same was not the original book of entry, and also objected to the comment of the court with reference to the accuracy of said books. We sustain this assignment. Only the original books of entry are admissible. Scruggs v. Woodley (Tex. Civ. App.) 179 S. W. 897.

The other questions presented by the brief will not likely arise on another trial. For the errors indicated, the cause is reversed and remanded.