Olga Maxine MORGAN, Appellant,

v.

John E. MORGAN, Appellee.

No. 14501.

Court of Civil Appeals of Texas.

San Antonio.

Sept. 7, 1966.

Lloyd, Lloyd, Dean & Ellzey, Alice, for appellant.

Perkins, Floyd, Davis & Oden, Alice, for appellee.

CADENA, Justice.

Defendant, Olga Maxine Morgan, appeals from a judgment rendered against her and in favor of her former husband, plaintiff, John E. Morgan, in the amount of $2,474.54, including $500.00 for attorney's fees. The trial below was without a jury.

After living together as man and wife for about eleven years, the parties permanently separated in 1954. On February 26, 1958, they entered into a separation agreement which provided for the division of the community property. Under the provisions of this agreement, a farm in Jim Wells County was set aside to defendant. Defendant assumed payment of all taxes on the farm, as well as payments due thereon to the Federal Land Bank. Defendant agreed to pay plaintiff $2,000.00 upon sale by her of the farm, or within five years after February 26, 1958. Plaintiff agreed, if requested to do so by defendant, to make the payments to the Federal Land Bank. The agreement provided that if plaintiff made such payments he would be reimbursed, with interest at the rate of 5%, at the time of the payment of the $2,000.00 mentioned above.

The parties were divorced on July 18, 1958. The court approved the separation agreement, and it was made part of the decree of divorce.

On December 1, 1965, plaintiff filed this action to recover amounts he claimed were owed him by defendant, in the principal sum of $4,948.03. Defendant, in addition to a general denial, pleaded the two and four-year statute of limitations.

The trial court found that, in addition to the $2,000.00 from the sale of the farm on March 8, 1962, defendant had become indebted to plaintiff in the following sums, representing payments made by plaintiff on behalf of defendant pursuant to her request and her agreement to reimburse him: $1,-200.53 paid by plaintiff to the Federal Land Bank in conformity with the separation agreement; $396.85 paid by plaintiff to various taxing agencies in satisfaction of taxes levied on the farm; $780.65 in discharge of a note evidencing money borrowed by defendant from the Alice National Bank; and $475.00 paid by plaintiff for repair of a well on the farm which had been set aside to defendant. In addition, the court found that defendant owed plaintiff $95.00 for repairs which plaintiff had made to defendant's automobile.

The court further found that defendant had paid plaintiff $3,500.00 as follows: $2,000.00 on April 11, 1962; $750.00 on May 9, 1963, and $750.00 on April 10, 1964. After deducting these payments, the court found that defendant still owed plaintiff $1,-974.54, "which amount includes no interest other than 5% simple interest on Federal Farm Loan and tax payments from dates of payments to May 9, 1963, and on balance of account thereafter to judgment, also at 5%."

In her brief, defendant attacks only those portions of the judgment allowing plaintiff recovery for car repairs ($95.00), payment of the bank loan ($780.35), payment for repairs to the water well ($475.00), and attorney's fees ($500.00). The evidence concerning the first three items is in sharp dispute, but plaintiff's testimony is sufficient to support the court's findings to the effect that he repaired the automobile at defendant's request, and that she requested that he pay the indebtedness to the bank and the bill for repair of the well, promising to reimburse him.

Plaintiff testified as follows: At about the time the farm was sold in March, 1962, he presented to defendant a statement of all amounts which he claimed were due him. On April 11, 1962, about a month after the sale of the farm, when defendant gave him a check for $2,000.00, he gave her, at her demand, the note, marked "paid," which evidenced her indebtedness to the bank. At the same time, defendant promised to pay the remainder of the indebtedness the fol-

lowing year, when she would receive an annual payment from the purchaser of the farm. On May 9, 1963, when defendant paid plaintiff $750.00, she again promised that she would pay the remainder of the indebtedness the following year, upon receipt of another annual payment by such purchaser. The same promise was made by defendant on April 10, 1964, in connection with the payment of $750.00 by defendant to plaintiff on that date. Since April 10, 1964, defendant has made no further payments.

Both parties testified that, at the time the above payments were made, nothing was said concerning the items of indebtedness to which they should be applied. Plaintiff testified, in effect, that the payments received from defendant were applied by him first to satisfy his claims which were based on the oral agreements; that is, to the satisfaction of the claims other than those representing the $2,000.00 due him on the sale of the farm, and the $1,200.53 to which he was entitled as reimbursement for the payments he had made on defendant's behalf to the Federal Land Bank. Both of the latter claims, admitted by defendant to be valid, were based on the provisions of the written separation agreement executed in 1958, and, under the terms of such agreement, neither debt was due until defendant sold the farm on March 8, 1962. In short, plaintiff applied the sums received from defendant first to the satisfaction of the claims which defendant asserts were barred, at the time the suit was filed, by the two-year statute of limitations, applying the excess to satisfaction of the amounts due him, together with interest, under the written instrument.

■■ The general rule is that where a debtor makes payment to his creditor, without specifying the manner in which such payment is to be applied, the creditor may appropriate the payment to any one of the various debts owed him by such debtor. Proctor v. Marshall & James, 18 Tex. 63, no writ; 44 Tex.Jur.2d, Payment, § 40, p. 693. This right of the creditor includes the right to apply an unappropriated payment to satisfaction of a barred debt. 54 C.J.S. Limitations of Actions § 330, p. 436; 37 C.J. Limitations of Actions § 634, p. 1157.

■ Even if we discredit plaintiff's testimony as to the manner in which he made application of the payments, we would have merely a situation where neither creditor nor debtor made an appropriation of the payment. In such a situation, where there are various items of indebtedness, the court may apply the unspecified payments to satisfaction of the earliest items of indebtedness. H. Richards Oil Co. v. W. S. Luckie, Inc., Tex.Civ.App., 391 S.W.2d 135, wr. ref. n. r. e.; Anderson-Dunham, Inc. v. Lee Rubber & Tire Corp., Tex.Civ. App., 378 S.W.2d 99, wr. ref. n. r. e.; Hodges v. Price, Tex.Civ.App., 163 S.W.2d 868, wr. ref. The power of the court to appropriate such unspecified payments to the older items of indebtedness is not affected by the fact that one or more of the items is barred by the statute of limitations. Griffith v. Gadberry, Tex.Civ.App., 182 S.W. 2d 739, no writ; Rodgers-Wade Furniture Co. v. Wynn, Tex.Civ.App., 156 S.W. 340, no writ; Jarvis v. Matson, 52 Tex.Civ.App. 170, 113 S.W. 326, no writ; Phipps v. Willis, 11 Tex.Civ.App. 186, 32 S.W. 801, wr. ref.

■ Whether the appropriation of the payments was made by plaintiff or by the court, the result is that the items which defendant claims are barred by limitations have been satisfied. Insofar as the other items exceed the amount remaining after satisfaction of the barred items, such excess is still owed to plaintiff by defendant.

Defendant next contends that, in any event, the trial court erred in awarding plaintiff recovery of the $475.00 paid for repair of the water well. It is defendant's contention that this obligation was incurred during the time that the parties were still married and that, since plaintiff, in the separation agreement, agreed to pay all community debts other than the Federal

Land Bank payments, the cost of the well repairs was plaintiff's debt.

■ The evidence discloses that defendant was presented with the bill for the well repairs on May 16, 1958, and that she signed the instrument to show that the work had been satisfactorily completed. This was about two and one-half months after the execution of the separation agreement which set aside the farm to defendant. Since defendant does not contend that the property settlement was unfair or inequitable, the result of the agreement was to terminate the community so that, after the execution of the agreement, the farm on which the water well was located was the separate property of defendant. Under these circumstances, the cost of the well repairs was the separate debt of the wife, and plaintiff was not liable therefor. Art. 1985, Vernon's Ann.Civ.St.

■ We agree with defendant that the trial court erred in awarding plaintiff $500.-00 as attorney's fees. It is true that plaintiff's petition was cast in the form of a suit upon a sworn account, supported by the customary affidavit. However, it is clear that plaintiff's cause of action cannot be classified as a suit upon a sworn account. In order for a suit to be founded upon a sworn account, as that term is used in Art. 2226, Vernon's Ann.Civ.St., the account must be based upon a transaction involving a sale on one side and a purchase upon the other, whereby title to personal property passes from one to the other. Van Zandt v. Fort Worth Press, 359 S.W.2d 893 (Tex. 1962). None of the items constituting plaintiff's claim satisfies this requirement.

■ The only item of plaintiff's claim which is of a nature such as to entitle plaintiff to recovery of attorney's fees is the one relating to repair of defendant's automobile. But even though this claim may be for labor done or material furnished, within the meaning of Art. 2226, the appropriation of the payments made by defendant to satisfy this claim precludes plaintiff from relying upon it as a basis for recovery of attorney's fees.

■ By way of cross-point, plaintiff complains that the judgment below did not award him all of the interest to which he was entitled. He did not except to the judgment rendered below, nor did he in any other manner call the attention of the trial court to the error of which he now seeks to complain. Under these circumstances, we cannot consider his cross-point relating to the payment of interest. West Texas Utilities Co. v. Irvin, 161 Tex. 5, 336 S.W.2d 609 (1960).

The judgment of the trial court is reformed to provide that plaintiff recover of the defendant the sum of $1,974.54. As so reformed, the judgment of the trial court is affirmed.

The costs accruing in this Court are taxed 80% against defendant, Olga Maxine Morgan, and 20% against plaintiff, John E. Morgan.