BAILEY et al. v. ARNOLD et al.

(Court of Civil Appeals of Texas. Austin. March 19, 1913.)

1. APPEAL AND ERROR (§ 285*)—MOTION FOR NEW TRIAL—MOTION—DEMURRER TO PETITION.

Fundamental error committed by sustaining a general demurrer to a sufficient complaint was reviewable on appeal, without a motion for a new trial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1684–1690; Dec. Dig. § 285.*]

2. HOMESTEAD (§ 213*) — ENJOINING SALE — LEVY ON HOMESTEAD—PETITION.

A complaint alleged that defendant, having recovered a judgment against complainant's husband, caused execution to be levied on certain land which complainant claimed as her homestead, whereupon their landlord employed attorneys who instituted a suit to enjoin a sale of the property for that reason, pending which complainant's husband died, whereupon the landlord directed the attorneys no longer to prosecute the suit at his expense, and they, without notice to complainant, withdrew from the case entirely, whereupon it was dismissed for want of prosecution. The complaint also alleged that defendant knew that complainant's husband was dead but that fact was not known to the court; that complainant relied on the attorneys to notify her when she was wanted,

and on the law which requires that defendant should suggest the death of complainant's husband and continue the cause, to make their children parties; that she did not discover the dismissal until four months later; when her home was levied on and advertised for sale; that, though she had been appointed as her husband's administratrix, and the land levied on had been set aside to her by the probate court as her homestead, and the same was in fact her homestead, no claim had been filed with her as administratrix on said judgment. *Held*, that such facts showed that complainant was entitled to equitable relief, and the petition alleging them not subject to a general demurrer.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 394–396; Dec. Dig. § 213.*]

3. PLEADING (§ 193*)—DEMURRER—LACHES.

A special exception to a petition to set aside the dismissal of a prior suit for an injunction to restrain a levy on a homestead, in that the petition had not been acted on for eight years, could not be raised by demurrer.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 425, 428–435, 437–443; Dec. Dig. § 193.*]

Appeal from District Court, Milam County; J. C. Scott, Judge.

Action by· Dick Bailey and others against J. C. Arnold and others. Judgment for defendants, and plaintiffs appeal. Reversed and remanded.

Henderson, Kidd & Gillis, of Cameron, for appellants. W. A. Morrison, of Cameron, for appellees.

JENKINS, J. [1] There was no motion for a new trial in this case, and, consequently, the assignments of error, which are objected to by appellee, cannot be considered by this court; but appellant insists that there is fundamental error in the judgment in that a general demurrer was sustained and that appellant's petition showed a good cause of action. "A judgment sustaining a general demurrer, which is a declaration that no cause of action existed, is fundamental, and should therefore be considered, although the error is not assigned." Hall v. Johnson, 40 S. W. 47; San Antonio v. Talerico, 98 Tex. 154, 81 S. W. 519.

[2] The petition in this case alleged that on February 28, 1901, Dick Bailey, the husband of Leah Bailey, and the said Leah Bailey, filed in the district court of Milam county their petition for injunction, to enjoin the sale of 16 acres of land described in said petition, which they claimed as their homestead; that appellee, J. C. Arnold, had theretofore recovered a judgment in the justice's court against said Dick Bailey, and on the 2d day of February, 1901, had caused an execution, sued out on said judgment, to be levied on said land and advertised the same for sale; that said land at the time of the levy of said execution and at the time of filing of said petition for injunction was the homestead of said Richard and Leah Bailey; that thereafter, during the pendency of said suit, to wit, on the 30th of March, 1902, the

said Dick Bailey died intestate, leaving as his sole heirs at law the said Leah Bailey and her six children, who were named in said petition, some of whom were minors; that on the 3d day of June, 1903, the last day of said term, said case was called for trial, and that the attorneys for said Dick and Leah Bailey announced in open court that they withdrew from said cause; whereupon the court dismissed said cause for want of prosecution; that said attorneys had been employed by Moses, the landlord of Dick and Leah Bailey, who were negroes, and that he had stated to said attorneys that he did not desire to continue their employment; that appellant Leah Bailey knew nothing of this, and that said Moses had no authority to abandon the prosecution of said case, and did not undertake to do so, nor instruct said attorneys so to do, but simply to withdraw from the case in so far as his employment of them was concerned; that the fact that said Dick Bailey was dead at the time said case was dismissed was known to appellee Arnold, but that said fact was not known to the court; that appellant relied upon said attorneys to notify her when she would be wanted, and that she relied upon the law, which required that appellee should suggest the death of said Dick Bailey, and continue said cause to make his said children parties; that she did not discover that said case had been dismissed for want of prosecution until about four months later, when her home was levied upon and advertised for sale under said judgment against Dick Bailey; that she thereupon employed attorneys and filed a motion in said court to set aside said judgment of dismissal; that she had been appointed administratrix of the estate of Dick Bailey and said judgment had never been presented to her for allowance; that said land had been set aside to her by the probate court as her homestead, and that the same was in fact and had been her homestead continuously from the time said judgment was rendered in the justice's court against said Dick Bailey to the present time, and that she then was and still is occupying the same as the head of a family, to wit, herself and her minor children.

We are of the opinion that this petition presented a good cause of action, and that the general demurrer to the same was wrongfully sustained. Appellee filed a number of special demurrers all of which were sustained by the court; but it does not follow that because a special demurrer is rightfully sustained there is not sufficient left in the petition to show a good cause of action. The so-called special demurrers in this case are, for the most part, only general demurrers.

[3] One of the special exceptions is that "this petition to set aside the judgment of dismissal has not been acted on by the court for a period of eight years." It does not appear why the same has not been sooner acted upon, or that it was the fault of appellant; and we do not think that issue could be raised by demurrer.

For the reasons stated, the judgment of the trial court is reversed and the cause remanded.

Reversed and remanded.