24  17
75  523

## ELI H. BAXTER V. OWEN DEAR, ADMINISTRATOR, ET AL.

An absolute deed, and a bond by the grantee, to reconvey to the grantors, upon the payment of their notes executed to him, at the same time, is, in legal effect, only a mortgage.

The court will protect a wife in her homestead rights, if properly presented, against a creditor seeking by its decree to subject to the payment of his debt, the homestead, upon which she has joined her husband in executing a mortgage.

Married women are recognized as competent to appear in the courts as litigants; and the same rules must be applied to them, as to other parties litigating their rights.

The law requires the courts to protect the separate property of married women, where its liability to be taken in execution is in question; but in all other cases, they must be presumed to be able to assert and defend their rights.

Where a judgment has been fairly rendered against a husband and wife, with an order for the sale of land, upon which the creditor claimed a lien for the payment of his debt, the wife cannot, by subsequent suit, have such order revoked, upon the ground that it subjects the homestead to sale.

Nor will the fact, that she relied upon the promises of her husband, by whom she was deceived, to have a defence made for her in the first suit, to protect her homestead rights, entitle her to relief against the judgment.

Where the judgment is against the husband and wife, after his decease, she is a proper party to a proceeding by *scire facias* to revive it. If the plaintiff has not made her a party, she may voluntarily appear.

But she cannot set up, in defence to the *scire facias*, a matter as to which she is concluded by the original judgment.

In a proceeding by *scire facias* to revive a judgment, the court follows the law, and does not exercise any peculiar equity powers.

APPEAL from Cherokee. Tried below before the Hon. Reuben A. Reeves.

This suit was brought by the appellant, against Tobias Furr, and his wife, Sarah W. Furr, upon a promissory note for $1449, executed to him, by them, in part payment, as it was alleged, for two tracts of land, one of 1107 acres, and the other of 153 acres, set out and described in the petition. Prayer for judg-

ment for the amount due on the notes, and for a decree for the sale of the land.

The defendants answered by a general exception, and a general denial. Subsequently, the defendant, Tobias Furr, died, and his administrator, Owen Dear, was made a defendant, by *scire facias;* who appeared and adopted the answer previously filed by his intestate.

The other defendant, Sarah W. Furr, afterwards filed an amended answer, in which she alleged, that she and her husband owned the two tracts of land described in the plaintiff's petition, at and previous to the execution of the note sued on, and were then, and had been for a long time, residing upon the same, having no other homestead; and that the same had continued to be their homestead, until the time of the death of her husband, and her's subsequent to that time. That previous to the execution of the note, her said husband contracted to sell the said lands to the plaintiff; and that although, by the persuasion of her husband and the plaintiff, she signed a bond to execute to him a title, upon the payment to them of the purchase-money, which he agreed to give them for the said land, she did not acknowledge the said conveyance, separate and apart from her said husband, as required by law, to make the same binding upon her; but on the contrary, when the said conveyance was explained to her by the officer, she expressly refused to acknowledge the same; and that it was, thereupon, agreed upon between the said plaintiff, her husband, and herself, that her husband and herself should give plaintiff their two promissory notes, one of which was that sued on, for the amount that had been paid by the plaintiff to her husband, on the said before-mentioned contract, for said land; and that they should also execute to him a deed for the said lands, and that he should execute to them, a bond to re-convey to them the said lands, upon the payment of the said notes; the legal effect of which she charged, was only that of a mortgage upon the said land, to secure the payment of the said notes.

She further alleged, that the plaintiff had brought a suit on the

other of the said notes, in the District Court of said county, numbered on the docket of said court, 1124, against her said husband and herself, and had recovered a judgment upon it, with an order of sale of the said land, including her homestead; that when suit was brought on the said note, her said husband promised her to interpose the proper defences, and protect the homestead; that she relied upon his promise, and supposed this had been done, but that he failed to do so; and while he had employed competent counsel, to defend the said cause for them, he had failed to inform the said counsel of their proper defences, and had deceived her as to it.

She further alleged, that since the death of her husband, a *scire facias* had been issued to Dear, as administrator of his estate, to revive the said judgment and order of sale; that the said Dear had been appointed administrator at the instance of the plaintiff, and was in his interest, and was willing to let a judgment go, in the case then pending for the sale of the homestead, and to suffer the other judgment to be revived, so that this might be done under the said former order of sale; that the land included in said order of sale, and not claimed as her homestead, was of sufficient value to satisfy the said judgment; and if the said judgment was binding, that it should be satisfied by the sale of that part of the land not including her homestead. She also insisted, that in the case now pending, the plaintiff was only entitled to an order of sale, for so much of the said land, as was not included in her homestead, and that the judgment in the other case, should be so modified and reformed, as also to exempt the homestead from sale.

To this answer, the plaintiff filed a general exception, which was overruled by the court. A jury was waived, and the cause submitted to the judge, who gave judgment against the defendants, for the debt claimed by the plaintiff, with an order of sale of that part of the land not including the homestead, which it was decided by the court, was not subject to sale, in satisfaction of the plaintiff's lien; and that the judgment in the former suit, No. 1124, should be revived against the said Dear,

as administrator of Tobias Furr, deceased, but so modified as to exempt the said homestead from sale under it; and that the said homestead should be set apart to the defendant, Sarah W. Furr, for the use and benefit of herself and family, fully discharged from all lien or incumbrance, on account of the said judgment previously rendered on the debt then sued for.

It did not appear from the record, that there was any direct application for a consolidation of the suit, No. 1124, with that on the note, or a judgment, in express terms, directing it, though, as it is seen, the court gave judgment to revive it. A copy of the record of the case, No. 1124, was embodied in the statement of facts, from which it appeared, that a *scire facias* had been issued to Dear, as administrator, to show cause why the judgment and order of sale, rendered in the said case, should not be revived; but no *scire facias* appeared to have been issued to the other defendant, Sarah W. Furr.

*Donley & Anderson*, for the appellant.

*Thomas J. Jennings* and *John E. Cravens*, for the appellee, Sarah W. Furr.

BELL, J.—We are of opinion, that there is error in the judgment of the court below, for which it must be reversed.

The counsel for the appellee, Mrs. Sarah W. Furr, has argued, with great ingenuity and force, that inasmuch as the appellant, Baxter, was driven, after the death of Tobias Furr, to ask the interposition of the court, to revive the judgment in the case numbered 1124, the court, acting as a court of equity, might require the plaintiff in that cause, to consent to the revival of the judgment, upon such terms as would exempt the homestead of Mrs. Furr from the operation of the judgment, after its revival, inasmuch as a true construction of the original contract upon which that judgment was obtained, would have saved the homestead rights of Mrs. Furr. It cannot be doubted, that the contract entered into between the appellant and Tobias Furr,

and Sarah W. Furr, on the 5th day of March, 1856, was nothing more, in legal effect, than a mortgage by Tobias Furr and his wife, to secure to Baxter the payment of the sum of money due him by Tobias Furr. And if the homestead rights of the wife, Sarah W. Furr, had been properly presented to the court, on the trial of the cause, numbered 1124, the court would have protected those rights, by a suitable decree. But it appears, that, on the trial of the cause, numbered 1124, Mrs. Sarah W. Furr was represented by an attorney, who acted for her, and filed an answer in her name. The judgment in that case recites, that the parties appeared, by their attorneys, and waived a jury, and submitted their matters to the court, &c. This court has never gone so far, as to hold that such a judgment can be inquired into, upon equitable considerations; and we have not been able to find any case, in which a court of equity has assumed the power to set aside the solemn judgment of a court of competent jurisdiction, to enable a party to present a defence, which might have been presented in the first suit, and where no fraud is shown in obtaining the first judgment.

The courts of this state recognize the competency of married women to appear in the tribunals, as litigants; and while they have the privilege of appearing, and are under legal obligation to appear as litigants, the courts are obliged to apply to them, the same rules that apply to other parties, litigating their rights in the courts. In certain cases, the law imposes upon the courts the duty of protecting the separate property of married women, where the liability of such property to be taken in execution, is in question. But beyond the requirements of the statutes, the courts cannot go, to extend protection to parties who appear as litigants in the courts, and who must, therefore, be presumed, in each particular case, to be able to assert and defend their rights.

The cases to which the attorney for Mrs. Furr has made reference in his brief, furnish very striking illustrations of the extent to which courts of equity will go, to compel those to do equity who ask it. The case put, in which a mortgagee lends a further sum of money *on bond*, and after breach of the condition

of the mortgage, the mortgagor dies, and the heir wishes to redeem, is a proper case for the exercise of those powers peculiar to a court of equity. In that case, the legal rights of the heir are gone. The breach of the condition of the mortgage, vests the absolute legal right in the mortgagee; and it is only in a court of equity that the heir can assert any right to redeem. And in a court of equity, his right to redeem is recognised, because it would be inequitable to permit the mortgagee to hold the land, which may exceed very greatly in value the debt intended to be secured. When, therefore, the heir asks the court to compel the mortgagee to do him the justice to accept his debt, and surrender the land, the court may well say, "The mortgagee shall do you this justice; but you owe him money on the bond, for which he has no security; and you shall also be just, and pay what you owe on the bond." So there is a class of cases in which the courts of equity, in England, exercise an authority even more arbitrary, and which is said to rest upon long practice, rather than upon any sound principle. There are cases in which parties are obliged to ask the aid of a court of equity to reduce into possession the property of the wife. If the property of the wife can be reduced into possession, through the instrumentality of a court of law, the court of equity has no right to interpose to ask that any settlement be made upon the wife; but if, from any cause, the husband is driven to invoke the aid of a court of equity, in order to obtain possession of the wife's estate, the court will not lend its assistance, except upon condition that a suitable settlement be made upon the wife out of her estate.

These are the cases in which courts of equity go farthest in the exercise of the powers peculiar to them; but even in these cases, they never go so far as to interfere with a court of law, or to set aside the judgment of a court of law, fairly obtained. We think that Mrs. Furr ought to have asserted her homestead rights when the cause numbered 1124 was pending; and that it was not competent for the court, in the trial of the cause numbered 1334, to go behind the judgment of the court in the cause numbered 1124, and make a decree that would restrain the execu-

tion of the judgment that had been rendered in the last mentioned cause.

Upon the authority of the case of Austin v. Reynolds, 13 Texas Rep. 546, it was necessary to make Mrs. Furr a party to the proceeding, to revive the judgment that had been obtained against her husband and herself, in the cause numbered 1124. It was therefore proper to permit her to make herself a party to that proceeding to revive. But in proceeding to revive a judgment, the courts will not exercise any peculiar powers as courts of equity. They will follow the law. It is not necessary for us to say whether any cause, which did not arise subsequent to the rendition of the judgment, will authorize the court to refuse to revive it. It is enough for the present case to say, that the answer of Mrs. Furr, and the evidence offered in support of it, were not sufficient to authorize the court to reform the judgment in the case numbered 1124, in the manner exhibited by the decree; or in any manner to destroy the effect of the judgment in the case numbered 1124.

The facts of this case, as developed by the record, are such as justify the zeal evinced by the counsel for the appellee, Mrs. Sarah W. Furr; but our duty seems to us to be plain in the matter, and of course we cannot turn our eyes from the law, because of the peculiar nature and circumstances of the case. The judgment of the court below is reversed, and the cause remanded for further proceedings, in conformity with this opinion.

Reversed and remanded.