## W. J. MOORE ET AL. v. JOHN PERRY ET UX.

### No. 1072.

**1.   Judgment—Bill of Review Will Not Lie, When.**

A bill of review to revise a judgment for errors apparent upon the face of the record is not recognized in this State, the remedy being by appeal or writ of error.

**2.   Same—Action to Set Aside Judgment—Collateral Attack.**

An action to set aside a judgment and sheriff's sale thereunder for errors apparent upon the face of the record, will not lie; but if the errors are such as to render the judgment void as against collateral attack, such action may be maintained as a suit to recover the property.

**3.　Same—Citation Without Seal.**

The want of a seal to the citation is a defect which is amendable, and will not render a judgment by default thereon void as against collateral attack.

**4.　Same—Recitals of Service in Judgment.**

The recital in a judgment that the defendants were duly and legally cited to appear and answer, as against a collateral attack on the judgment, is conclusive on the defendants, and precludes them from disputing the validity of the citation for want of a seal.

**5.　Same—Judgment by Default Upon Petition Subject to General Demurrer.**

A judgment by default is not void and subject to collateral attack because the petition upon which it was rendered was subject to general demurrer, where the court had jurisdiction of the subject matter, and such petition sets forth facts sufficient to challenge the attention of the court with regard to its merits.

**6.　Same—Misnomer.**

Where suit is brought on a street improvement certificate, the judgment therein will not be held void on collateral attack, because the copy of the certificate sued on recited that John and Lucy Perry were the owners of the property affected, if the petition clearly alleged such ownership and liability on the certificate in the defendants, John and Lucy Perry, the owners in fact, and against whom the judgment was rendered.

**7.　Execution Sale—Inadequacy of Price.**

Improved city property worth $4000, but subject to a vendor's lien of $900, was sold under execution for $375. Held, that the sale would not be held void because of such inadequacy of price, where no irregularities in making the sale were shown.

**8.　Same—Order of Sale—Lots to be Sold Separately.**

Article 2305, Revised Statutes (1879), relating to executions, and providing that if real property in any town or city taken in execution consists of several lots, each shall be offered by the sheriff for sale separately, if susceptible of a separate sale by reason of the character of improvements thereon, applies also to an order of sale issued upon a judgment in an action on a street improvement certificate, and the sale thereunder should be made accordingly.

Appeal from Harris. Tried below before Hon. S. H. Brashear.

*Frank Moore, Coleman & Ross* and *Pendarvis & Halligan,* for appellants.—1. The court erred in rendering judgment for the plaintiffs upon the case made, because (1) the judgment sought to be impeached was not open to collateral attack, and (2) because the plaintiff's petition and the proofs adduced did not present a case warranting the exercise of the equitable power of the court to revise its judgment at a subsequent term. Treadway v. Eastburn, 57 Texas, 209; Williams v. Haynes, 77 Texas, 283; Watkins v. Davis, 61 Texas, 414; Davis v. Robinson, 70 Texas, 394; Frankfurth v. Anderson, 61 Wis., 107; Weaver v. Vandervanter, 84 Texas, 691; Hale v. McComas, 59 Texas, 484; Nevins v. McKee, 61 Texas, 413; McGloin v. McGloin, 70 Texas, 634.

2. The remedy by a bill of review for errors of law apparent upon the face of the record, is not recognized in this State, but it has been expressly repudiated. For errors apparent on the face of the record, the remedy is by appeal or error. Seguin v. Maverick, 24 Texas, 526; Yturri v. McLeod, 26 Texas, 84; Eddleman v. McGlathery, 74 Texas, 280; Sayles' Texas Pleading, sec. 217.

3. The court erred in overruling the defendants' exception to plaint-

iffs' petition, because the plaintiffs are seeking to impeach a judgment collaterally, without showing any facts rendering said judgment void and subject to collateral attack. Vanfleet on Collateral Attack, secs. 3, 11; see also, sec. 17, pp. 28, 29; Crane v. Blum, 56 Texas, 325.

4. In a collateral attack upon a judgment, if the judgment itself finds and recites a valid citation and service, that controls the balance of the record; if the judgment which is the final act of the court, entered upon full examination and consideration of all the necessary facts should, as in the case now before us, recite the due service of process or other facts which would give the court jurisdiction of the person, then this would be a case in which it would affirmatively appear that the jurisdiction had in fact attached and the general rule would apply, that in a collateral proceeding, this recital in the record imports absolute verity. Treadway v. Eastburn, 57 Texas, 209, 213; Martin v. Burns, 80 Texas, 676.

5. The court erred in rendering judgment cancelling the sheriff's deed of the land in controversy, to W. J. Moore, and setting aside the sale of the said land, because no irregularities were shown in making said sale, and the price paid is not grossly inadequate.

*E. P. Hamblen*, for appellees.—1. The citation in the original suit of Heffron v. Perry and wife, not having been attested by the seal of said court, was void, and could not exact obedience, nor require defendants to appear in said suit, and a judgment by default in said cause was void. Rev. Stats., arts. 1443, 1131; Frosch v. Schlumpf, 2 Texas, 422; Chambers v. Chapman, 32 Texas, 570; Block v. Weiller, 2 Willson C. C., sec. 503; Wells v. Ames Iron Works, 3 Willson C. C., sec. 296; Imlay v. Brewster, 3 Texas Civ. App., 103.

2. Where the judgment of the court was rendered by default upon a presumption of facts, which did not exist, the defendant, within a reasonable time, had the right to reopen said case. Bender v. Damon, 72 Texas, 93; Kruger v. McCracken, 87 Texas, 587; Milam County v. Robertson, 47 Texas, 231; Witt v. Kauffman, 25 Texas Supp., 385; Moke v. Brackett, 28 Texas, 446; Giddings v. Steele, 28 Texas, 754; Weaver v. Shaw, 5 Texas, 289; Martell v. Hernshein, 9 Texas, 294; Armstrong v. Nixon, 16 Texas, 613.

3. The petition in the original suit of Heffron v. Perry and wife was not sufficient to sustain a judgment by default, it was wanting in essential allegations required by the charter of the City of Houston to have been done by the city as prerequisite to fixing the liability for improvement made on abutting property. A general demurrer, which would have admitted all facts well pleaded, would have been sustained, to said petition, and the judgment rendered thereon by default was void. Wood v. Galveston, 76 Texas, 131.

4. The citation in the suit of Heffron v. Perry, not having been attested by the seal, and being therefore void, gave the court no jurisdiction over the defendants and the judgment was void. Glass v. Smith,

66  Texas  549;  Witt  v.  Kauffman,  25  Texas  Supp.,  386;  Bender  v. Damon,  72  Texas,  94;  Kimmarle  v.  Railway,  76  Texas,  694.

GARRETT,  Chief  Justice.—John  Perry  and  his  wife  Lucy  Perry brought  this  action  in  the  District  Court  of  Harris  County  on  March  16, 1894,  against  Isaac  Heffron,  W.  J.  Moore  and  Frank  Moore,  to  set  aside a  judgment  and  decree  of  said  court  rendered  against  them  by  default, January  15,  1894,  in  the  suit  of  Isaac  Heffron  v.  John  Perry  and  Lucy Perry  for  the  amount  of  a  street  improvement  certificate  and  foreclosure of  a  lien  therefor  on  their  homestead  in  the  city  of  Houston;  and  to  set aside  a  sale  of  said  property  made  by  the  sheriff  of  Harris  County  in pursuance  of  said  decree,  at  which  W.  J.  Moore  became  the  purchaser, and  to  cancel  the  sheriff's  deed  to  said  Moore.   The  cause  was  submitted without  a  jury,  and  plaintiffs  recovered  judgment  setting  aside  the  judgment  in  the  foreclosure  suit  and  reinstating  the  case,  also  setting  aside the  sheriff's  sale.    The  property  upon  which  the  lien  for  street  improvement  was  established  was  the  homestead  of  the  plaintiffs,  and  was  not subject  to  a  lien  for  the  improvement  certificate  which  was  sued  upon, but  it  did  not  so  appear  from  the  record  in  the  suit.    The  grounds  presented  for  setting  the  judgment  aside  were:

(1)   The  judgment  was  void  because  the  citation  did  not  have  the  seal of  the  court  affixed  to  it.

(2)   The  petition  did  not  set  out  a  good  cause  of  action  and  was  not sufficient  to  sustain  a  judgment  by  default.

(3)   The  certificate  set  out  in  the  petition  showed  that  the  property upon  which  the  lien  was  sought  to  be  established  was  owned  by  John and  Lucy  Berry  and  not  Perry,  and  the  citation  recited  that  the  certificate  was  issued  by  "the  Mayor  and  Board  of  Aldermen  of  the  City  of Houston,"  when  the  name  of  the  corporation  was  "the  Mayor,  Aldermen  and  Inhabitants  of  the  City  of  Houston."

The  petition  in  the  foreclosure  suit  against  John  Perry  and  Lucy Perry  was  filed  May  16,  1893,  and  represented  that  plaintiff  was  the owner  and  holder  of  a  certain  street  improvement  certificate  issued  by the  city  of  Houston  to  the  plaintiff  May  11,  1891,  a  copy  of  which  was set  out,  certifying  that  Isaac  Heffron,  or  the  holder  thereof,  was  entitled to  the  sum  of  $49.69  from  the  owner  or  owners  of  the  premises  described for  sewer  improvements  made  on  Jackson  and  Hadley  streets  in  the LeBranch  sewerage  district  of  the  city  of  Houston,  Harris  County, Texas,  under  a  certain  contract  between  Heffron  and  the  city,  and  referred  to  an  ordinance  authorizing  the  contract;  the  land  was  described, and  it  was  stated  in  the  copy  that  the  owner  was  John  and  Lucy  Berry; the  manner  and  time  of  payment  was  set  out;  and  the  certificate  contained  the  recital  that  it  was  "issued  under  authority  of  section  23,  et seq.,  of  the  charter  of  the  Mayor,  Aldermen  and  Inhabitants  of  the  City of  Houston,  and  the  sum  of  money  for  which  the  same  is  issued,  being the  proportionate  cost  of  said  improvement  assessed  against  the  property  herein  described  as  aforesaid,  is  a  tax  against  the  owners  thereof,

and a lien upon said property as provided in said section of said charter."

The petition further represented that said certificate was issued in accordance with the provisions of the charter of Houston; that all preliminary steps prescribed by the charter in relation to the construction of the improvements to pay for which the assessment had been made, and in relation to the making of said assessment, and in all the requirements and prerequisites of law necessary to authorize the issuance of the certificate and to give validity to the same, were duly peformed; that by reason of the proceedings and the execution and delivery of the certificate to said Isaac Heffron, the owner or owners of the property described became liable to pay the said Isaac Heffron the sum of money and interest specified in the certificate, and a lien was fixed upon the property to secure the payment of the same, etc.; that the defendants were then the owners of the property described in the certificate, and as such were liable for the payment of said sums due as stated, and that, though often requested, they had failed to pay the same, etc.

A citation was issued July 26, 1893, in due form, except that it, did not have the seal of the court affixed to it. John Perry and Lucy Perry were cited to appear at the next regular term of the District Court of Harris County, to be held on the first Monday in October, 1893. It was duly served on them the day it was issued. The defendants failed to appear, and judgment was rendered against them by default for the amount of the certificate, with foreclosure of a lien on the property. There is nothing in the petition, citation or judgment to show that the property was the homestead of John Perry and Lucy Perry, or that they were man and wife, or that they resided on the property.

There was a notation on the original petition, "9–26–93," and there was evidence that it was the custom in the office of the district clerk to note the date of the issuance of citations in that manner, but the court below found that the citation, issued without seal July 26, 1893, was the only citation that had been issued in the case, and so found in accordance with the weight of the evidence. The judgment was rendered on the 15th day of January, 1894, and contained the recital, "and the defendants John Perry and Lucy Perry, though duly and legally cited to appear and answer herein more than ten days prior to the 4th day of December, 1893, failed so to do, but wholly made default," etc.

An order of sale was regularly issued upon the said judgment, and the property duly advertised for sale on March 6, 1894, and was then sold to the defendant W. J. Moore for the sum of $375, at the bid of the defendant Frank Moore, who was his agent, and the sheriff executed a deed therefor to said W. J. Moore. After the sale, but before the money had been paid, John B. Williams, a deputy of the district clerk, called Frank Moore's attention to the fact that the citation was without a seal. The property was worth about $4000, with a vendor's lien on it for about $900. There is no reason alleged or shown, in addition to inadequacy of price, why the sale should be set aside. John Perry testified

that he did not know that his property was advertised for sale until the day after it was sold, and then went to see Mr. Dennis, upon whom he relied to look after his sewerage tax, and had promised to protect his sewer for him. .

While the suit instituted by the plaintiffs in this case was a direct attack upon the judgment and sale in the foreclosure suit, it was not authorized by law. A bill of review to revise a judgment for errors apparent upon the face of the record is not recognized in this State. Seguin v. Maverick, 24 Texas, 526. Plaintiffs' remedy was by appeal or writ of error. The practice of writ of error coram nobis could not authorize the suit, because, as stated, the error was apparent upon the face of the record. Milam County v. Robertson, 47 Texas, 231. The citation was a part of the record and showed for itself that the seal of the court had not been affixed thereto, and the fact that the omission was not called to the attention of the court, and that the judge believed that there was a valid citation when the judgment was entered, cannot affect the question. The error was apparent, and if the cause had been brought before this court by appeal or writ of error, the judgment would have been reversed. Frosch v. Schlumpf, 2 Texas, 422. Nor is this a suit for a new trial to be maintained upon equitable grounds showing that the plaintiff had a valid defense which, without fault on his part, he had been prevented from setting up, and which can not be availed of on appeal or writ of error. Goss v. McClaren, 17 Texas, 107.

But if for any reason the judgment of the court in the foreclosure suit is void, plaintiffs could maintain this suit as an action to recover the property, for the judgment would be subject to attack in any proceeding collaterally or otherwise. If the judgment is void, the sale would also be void.

It has been said in some of the decisions that a citation without a seal is void. Frosch v. Schlumpf, 2 Texas, 422; Chambers v. Chapman, 32 Texas, 569; Block v. Weiller, 2 Willson C. C., 503; Wells v. Ames Iron Works, 3 Willson C. C., 296. But in all such cases, the judgment of the court below was before the appellate court for revision by writ of error. Whenever judgment has been rendered against a party who has not been served with process, it is a void judgment, and if the process by which the party is sought to be brought into court is so utterly defective that it cannot be amended, it seems that it would be void process, and that the judgment rendered on such process should be held void and open to attack collaterally or otherwise. In the case of Witt v. Kaufman, 25 Texas Supp., 385, a judgment was held void as upon no service where the defendant, who was a resident of Parker County, was served in Parker County by a deputy sheriff of that county with process addressed to an officer of Dallas County. There was no authority to the sheriff of Parker to execute the process. The writ in that case was not a defective writ, but was good upon its face, and the service was held no service for the want of authority in the officer of Parker County to make it. That case is easily distinguished from this

case, because the citation in this authorized the service on the defendants therein, and though defective, was amendable, for citation which has been issued without the seal of the court may be amended with leave of the court by affixing the seal thereto. Cartwright v. Chabert, 3 Texas, 261. A writ of attachment may also be amended in the same respect. Whittenberg v. Lloyd, 49 Texas, 640.

Plaintiffs herein had notice of the suit against them, and as they were served only with a copy of the citation, which did not contain the seal of the court, they were not aware that the service upon them was ever defective. Although the citation was issued without the seal of the court, it was defective only, and was sufficient to bring the defendants into court, and the judgment by default was not void, but was conclusive against the defendants, and could have been set aside and reversed only on appeal or writ of error, the plaintiffs having failed to show any equitable ground for a new trial. Seguin v. Maverick, supra; Harn v. Phelps, 65 Texas, 596; Vanfleet on Collateral Attack, secs. 11, 329, 353; King v. Davis, 85 Ind., 309; State v. Davis, 73 Ind., 359; Cartwright v. Chabert, supra; Whittenberg v. Lloyd, supra. We do not agree with the appellants that the question is decided by the case of Crane v. Blum, 56 Texas, 325, for in that case the Supreme Court very properly recognized the fact that the question was finally adjudicated against the defendant on the writ of error to the Court of Appeals, where the defendant appeared, although he did not do so in the County Court.

We are also of the opinion that plaintiffs were concluded by the recital in the judgment that they had been duly and legally cited to appear and answer, and cannot in this proceeding dispute the validity of the citation. Treadway v. Eastburn, 57 Texas, 209. It will be conclusively presumed from the finding of the court in the judgment, that the seal had been fixed as required by law.

The petition in the foreclosure suit may have been subject to general demurrer, although it seems to have been a better petition than the one so held in Wood v. City of Galveston, 76 Texas, 126. But we are of the opinion that that is not the test that will be applied when a judgment is attacked as void. The judgment is the final act of the court, and where a court has jurisdiction of the subject matter, and renders a judgment, its validity will depend neither on the regularity of the process nor the sufficiency of the pleadings. When a "petition sets forth facts sufficient to challenge the attention of the court with regard to its merits, or to authorize the court to deliberate with respect thereto," it is said by the Supreme Court of Kansas to be a sufficient basis to support a judgment good upon collateral attack. Head v. Daniels, 38 Kan., 1. We do not pass upon the sufficiency of the petition on general demurrer in the case of Heffron v. Perry, for we think it clearly sufficient to support the judgment that was rendered. Vanfleet on Collateral Attack, sec. 61.

As above stated, the copy of the certificate sued on recited that the

owners of the land was John and Lucy Berry, but the petition contained the clear and affirmative averment that the defendants, the plaintiffs herein, were the owners of the property, and were liable for the payment of the sums mentioned; so there is nothing in the objection that the court was without authority to enter judgment against the property of John and Lucy Perry; nor that the certificate was not issued by proper authority because the citation, in giving a brief statement of the cause of action, misstated the corporate name of the city of Houston. ·

The facts were not sufficient to authorize the setting aside of the sale. It was shown that the [property brought an inadequate price, but there was not the slightest irregularity shown in the sale, or .the slightest circumstance to avoid it. Moore's knowledge, obtained after he had bought the property, but before he had complied with his bid, that the citation was defective, did not affect the sale or his right to have a deed upon payment of the amount of the bid.

It is unnecessary to notice any of the other errors assigned.

Appellees were not entitled to have the judgment obtained by them in the court below; it will therefore be reversed, and judgment will be here rendered in favor of the appellants; that appellees, as plaintiffs below, take nothing by their suit and pay all costs, and in favor of the defendant W. J. Moore for the recovery of said property.

*Reversed.*

Delivered April 2, 1896.  ‹

### ON MOTION FOR REHEARING.

GARRETT, CHIEF JUSTICE.—Upon consideration of this case we see no cause to change our views with regard to the questions which we held entitled the appellants to a reversal of the judgment, but have concluded that there are sufficient allegations in the petition, supported by enough evidence, to entitle the plaintiffs to have the cause remanded, so that they may have the sale set aside, if they can, since it appears that the court below rendered judgment in favor of plaintiffs on other grounds, for which reason the issue with regard to the sheriff's sale may not have been developed as fully as perhaps might have been done. The petition in this respect is deficient, but it shows that the lien was foreclosed on four several lots of land worth $4000, and contains allegations that one-half of the lot, on which no improvements were, could have been sold, and would have brought more than the judgment against the lots and all costs. Plaintiffs averred that they had tendered the money paid on the bid back to the purchaser, submitted themselves to the court, and asked that the sale be set aside. There was evidence that the four lots were worth about $600· each, and the improvements thereon were worth $1500 or $1600. There was a lien thereon for $900. The amount of the bid was $375. While it does not so appear clearly, yet the evidence warrants the conclusion that the improvements on the lots did not cover all of them, and that one or more of them could have

been sold separately. This fact was overlookod by the court when the case was decided. The statute regulating execution sales provides that if real property situated in any town or city, taken in execution, consists of several lots, each shall be offered by the sheriff for sale separately, if susceptible of a separate sale by reason of the character of improvements thereon. Revised Statutes (1879), art. 2305. An order of sale is an execution. Article 2281. While some of the articles under the title, "Execution," will not apply to an order of sale, yet the article under consideration and a number of others do. From the evidence that it was the duty of the sheriff to have sold the property in accordance with the article of the Revised Statutes above cited, by offering for sale one lot at a time, we have concluded, therefore, that the motion for a rehearing should be granted so far as to remand the cause for another trial.          *Motion granted.*

*Reversed and remanded.*

Delivered April 30, 1896.