## BARNETT v. EUREKA PAVING CO.
### (No. 252-3457.)

(Commission of Appeals of Texas, Section B. Dec. 7, 1921.)

**1. Judgment ⬅461(3)—Petition held to show that foreclosure of lien of paving certificate was sought against a homestead.**

In an action to cancel a judgment foreclosing the lien of a paving certificate, petition and judgment in a former suit *held* to show that foreclosure was sought against a homestead.

**2. Municipal corporations ⬅434(5)—Lien·of paving certificate does not authorize sale of homestead interest.**

Value of property designated as homestead in excess of $5,000 was subject to a lien of a paving certificate, but there could be no sale of all the property to pay a judgment foreclosing a lien notwithstanding that there was no pleading upon which the court could base a decree appropriate to the demands of the situation, a judgment foreclosing a lien upon the homestead being absolutely null and void, where it appeared from plaintiff's pleadings that the property was a homestead.

**3. Judgment ⬅489—Unauthorized judgment enforcing lien on homestead is void.**

A judgment rendered by a court of general jurisdiction is void, if the court had no jurisdiction, and such was the case as to a judgment foreclosing lien of paving certificate upon homestead where it appeared from the petition and the judgment that the property in question was a homestead.

Opinion of Supreme Court on Consideration of Opinion of Commission of Appeals.

**4. Appeal and error ⬅1121—Judgment reformed and affirmed without prejudice, in view of pleadings.**

A judgment of the district court setting aside a void judgment foreclosing a paving certificate lien on homestead, as well as excess, will not be reversed and remanded by reason of error in decreeing that the special assessment could never be applied to the excess, but will be reformed and affirmed without prejudice to the right to subject such excess to the special assessment; pleadings not being sufficient to support a decree to subject the excess to the special assessment.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Action by Bessie B. Barnett against the Eureka Paving Company. From a judgment of the Court of Civil Appeals (216 S. W. 903) reversing a judgment in her favor, plaintiff brings error. Judgment of the Court of Civil Appeals reversed, and judgment of the district court reformed and affirmed without prejudice.

Homer Stephenson and Elbert Roberts, both of Houston, for plaintiff in error.

W. W. Moore and J. Y. Powell, both of Houston, for defendant in error.

KITTRELL, J. The litigation out of which the appeal in this case arose had its origin in the filing of an action April 30, 1917, by the city of Houston for the use and benefit of defendant in error, against plaintiff in error, both in her individual capacity and as independent executor of the will of her deceased husband, W. W. Barnett. The action was No. 72518.

The purpose of the action was to obtain judgment for the amount of a certain paving certificate issued by the city of Houston and payable by said Barnett, deceased, and to foreclose a lien on lot 5 and 50x75 feet of lot 11 in block No. 142.

There is no question raised as to the regularity or validity of the certificate; the only question involved being whether or not the judgment rendered was authorized by the Constitution and the law.

The defendant (plaintiff in error here) was duly cited and employed counsel, but for some reason he did not file an answer, and judgment was rendered as prayed by default,

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

of which fact plaintiff in error had no knowledge for several months.

When order of sale was issued the instant case was filed praying for an injunction and also to have set aside, canceled and annulled the former judgment on the ground that the property was a homestead, and there could be no lien upon it for paving the street running by it, and hence the court had no jurisdiction to render any judgment in the case at all. The number of the action was 75335.

The trial court set aside and annulled the former judgment. so far as it established and foreclosed a lien upon the property, and removed the cloud cast upon the title to the property by reason of said judgment and the special assessment described in plaintiff's petition, and freed it from all claims and incumbrances by reason of the same, but decreed that the judgment as a judgment against plaintiff in error as executrix remain in full force and effect.

Upon appeal prosecuted by defendant in error the Court of Civil Appeals of the Ninth District reversed and rendered judgment for appellant, and ordered the action out of which this appeal arose to be dismissed. 216 S. W. 903.

In the original action No. 72518 plaintiff, among other things, alleged as follows:

"The plaintiff has been informed by defendant herein that the above-described land and premises constitute and constituted at the time the aforesaid assessment was levied and certificate issued the homestead of defendant and her deceased husband, W. W. Barnett; and plaintiff further alleges that in such event the said premises at the time of the dedication as such homestead were reasonably worth in the sum of $30,000 more than the value of property which defendant and her deceased husband at such time could legally acquire as a homestead."

In the body of the judgment entered in cause No. 72518, after describing the property on which the lien was ordered foreclosed, it is recited as follows:

"That defendant is the present owner of the above-described land and premises, and at the time same were acquired by defendant and her deceased husband, and ever since such time, same were and have been reasonably worth exclusive of improvements a sum exceeding $5,000 by more than the amount of plaintiff's claim herein."

The above excerpts from the pleadings and judgment respectively in case No. 72518 are set forth in view of the statement of the Court of Civil Appeals in its opinion that the allegation that the plaintiff had been informed by defendant that the property was her homestead did not amount to an allegation of fact that the property was the homestead.

The language of the petition makes it too plain for argument that the plaintiff in cause No. 72518 knew the property was the homestead when it brought its action, and the very terms of the decree itself show that the court was dealing with the property as homestead property, and the action out of which this case arose was based on the ground that the property was a homestead, and that therefore no lien to secure a paving certificate could exist against it; hence the court had no jurisdiction to enter any judgment ordering the homestead to be sold.

[1] It is but juggling with words to say that it did not appear in the original suit that foreclosure of a lien was sought against a homestead.

[2] If the property was worth when designated as a homestead, exclusive of improvements, more than $5,000, such excess above the constitutional limitation was subject to the lien. There was, however, no pleading on the part of plaintiff upon which the court could base a decree appropriate to the demands of the situation, but that fact did not authorize a sale of all the property to pay a judgment foreclosing a lien upon the homestead which was absolutely null and void. It has been indicated in a number of cases, beginning at an early day, what character of decree should be entered in action such as was No. 72518. Wood v. Wheeler, 7. Tex. 13; North v. Shearn, 15 Tex. 176; Paschal v. Cushman, 26 Tex. 74; Hargadene v. Whitfield, 71 Tex. 482, 9 S. W. 475.

The Court of Civil Appeals seems to have laid much stress on the fact that the defense of homestead was not set up in cause No. 72518.

As has been shown, no answer was filed and no defense of any kind was set up, but the plaintiff's own pleading in that case made a defense for the defendant in that, as has been said, it knew the property was a homestead, and by defective, insufficient, and ineffectual pleading sought to reach the excess over the constitutional limit.

In so far as it was sought to enforce a lien against the homestead, no defense was needed, except the absolutely prohibitive provision of the Constitution.

The amount of the certificate gave the court jurisdiction to render judgment against plaintiff in error in her representative capacity, but no court had or has any power to render any judgment fixing a lien on the homestead to pay a paving certificate, or even to hear the case. The law has been so expressly declared by our Supreme Court. Higgins v. Bordages, 88 Tex. 458, 31 S. W. 52, 803, 53 Am. St. Rep. 770.

[3] The plaintiff in error in her petition in the trial court alleged that the property was her homestead, and that allegation is undisputed, and hence, regardless of any defense, the decree entered in cause No. 72518 was a nullity, and it is not necessary to discuss the question of res adjudicata, on which the Court of Civil Appeals based its holding in the main.

In the case of Crawford v. McDonald, 88 Tex. 631, 33 S. W. 328, Justice Denman said:

"The general rule is well established that a judgment rendered by a court even of general jurisdiction is void, if it had, at the time of the rendition of the judgment, no jurisdiction of the * * * defendant or the subject-matter of the litigation."

The same learned judge said in Templeton v. Ferguson, 89 Tex. 54, 33 S. W. 332:

"Jurisdiction is the power of a court to hear and determine a cause and enforce its decree. The exact legal signification of the word varies with the circumstances under which it is used, and a failure to observe this fact often produces confusion and leads to the statement of inaccurate legal propositions."

However, we need not go behind or beyond the case of Higgins v. Bordages, supra, for authority to support our conclusion. The question of jurisdiction was pressed upon the attention of the court in that case most vigorously in the motion for rehearing in the following form:

"That this court erred in holding that the judgment in the case of the City of Beaumont v. William and Mary Higgins was void for want of jurisdiction of the subject-matter."

Justice Brown said:

"The district court of Jefferson county had no jurisdiction of the subject-matter of that suit, unless there was a lien upon the land sought to be subjected to the payment of the claim. The petition and judgment showed upon their face that a lien could not exist upon the land; therefore, there was no jurisdiction of the subject-matter, and there was no necessity for a defense."

Then, proceeding as if with the purpose of making his meaning clear beyond all possibility of doubt, he adds:

"Because the court had no power to hear the case, or to render any judgment therein."

The district court of Harris county not only had no power to render a judgment foreclosing a lien on the homestead of plaintiff in error, but had no power to hear the case. That court, on its being made clear to it that it had transcended its power, promptly and properly corrected the error by annulling the judgment, as might have been expected of the able and conscientious judge who presided at the trial.

The Court of Civil Appeals erred in reversing his judgment and ordering the case dismissed. We recommend, therefore, that the judgment of the Court of Civil Appeals be reversed, and that the case be remanded to the district court to be tried after necessary amendment in accordance with this opinion.

CURETON, C. J. [4] The judgment of the district court in the original action, No. 725-18, being held void, and the fact that the pleadings in the instant case would not support a decree to subject the excess in the homestead to the special assessment, the cause should not be remanded to the district court for a new trial.

The judgment of the district court in the instant case, among other provisions, decrees that the cloud cast upon the title of lots Nos. 3, 4, 5, and 11, etc., by reason of "special assessment described in plaintiff's petition herein be, and the same is hereby, forever removed, and that the property herein be, and the same is hereby, freed from any and all claims and incumbrances by reason of said special assessment."

This judgment of the district court in the instant case is erroneous, in that it decrees that the special assessment can never be applied to the excess in the homestead above the constitutional limit of $5,000 in a proper case. Therefore the judgment of the Court of Civil Appeals is reversed, and the judgment of the district court is reformed and affirmed without prejudice to defendant in error's right to subject the excess in the homestead to the special assessment.