SHONAKER et al. v. CITIZENS' LOAN & INVESTMENT CO. (No. 7243.)

Court of Civil Appeals of Texas. Austin.
June 20, 1928.

Rehearing Denied July 11, 1928.

1. Limitation of actions ⟨⟩51(1)—Note and lien contract, construed together, held as bearing on limitation to provide for monthly payments on interest and principal, both inclusive (Rev. St. 1925, arts. 5521, 5527).

Note payable in monthly installments, when construed together with lien contract, held to provide for a contract of payment whereby monthly installment was to be paid on interest and principal, both inclusive, as bearing on question whether note and lien were barred by four-year statutes of limitation or by Rev. St. 1925, arts. 5521 and 5527, particularly in view of construction given thereto by acts of parties.

2. Payment ⟨⟩39(2)—Contractor entitled to payment for extras and on note held authorized, in absence of specific direction, to apply payment to either indebtedness.

Contractor entitled to payment for extras under mechanic's lien contract and also payment on note under the same contract is authorized, in absence of specific direction as to application of payment, to apply it in payment of either indebtedness.

3. Homestead ⟨⟩169, 213—Homestead may be waived, and failure to plead homestead character of property as defense to foreclosure of mechanic's lien precluded consideration thereof.

Failure to plead homestead character of property as defense to suit to foreclose mechanic's lien precluded consideration thereof, since homestead exemption does not arise as a matter of right, but is an exemption or right that may be waived at option of party entitled thereto.

Appeal from District Court, Travis County; Geo. Calhoun, Judge.

Action by the Citizens' Loan & Investment Company against Iphi Shonaker and husband. Judgment for plaintiff, and defendants appeal. Affirmed.

Anna O. Sandbo and Cofer & Cofer, all of Austin, for appellants.

White, Wilcox & Taylor, of Austin, for appellee.

BLAIR, J. Appellee sued appellants, Edwin W. Shonaker and his wife, Mrs. Iphi Shonaker, for the balance due on a $2,600 note, payable in monthly installments of $30, and bearing 8 per cent. interest, computed monthly, and to foreclose a mechanic's lien upon a house and lot in Austin given to secure the payment of the note, and on a trial recovered judgment for $298.05, as balance due on interest and principal, and $29.80 as attorney's fees, aggregating $327.85, against Edwin W. Shonaker, with decree of foreclosure of the mechanic's lien against both of the appellants.

The first and principal attack made by appellants upon the judgment is that the note and lien sued on are barred by the four-year statutes of limitation, or by articles 5521 and 5527, R. S. 1925. This contention is based upon a certain construction placed upon the note and lien contract by appellants. The material parts of the note read as follows:

"$2,600.00.      Austin, Texas, June 13th, 1914.

"In monthly installments as hereinafter set out, for value received, I, we, or either of us, promise to pay to the order of W. H. Biggs, at Austin, Texas, the sum of twenty-six hundred dollars, with interest from date until paid at the rate of eight per cent. per annum, computed monthly on partial payment plan. We also agree to pay an additional ten per cent. for attorney's fees if this note is placed in the hands of an attorney for collection after maturity.

"This note is secured by mechanic's lien this day executed by us in favor of the said W. H. Biggs covering lot No. five (5) in block No. twenty-seven (27) of Travis Heights addition to the city of Austin, Travis county, Texas, covering the erection of a one and one-half story, frame shingle roofed residence on said property. * * *

"This note is payable in monthly installments of thirty ($30) dollars per month, the first installment to be paid on July 1, 1914, and one installment on the first day of each month thereafter until the full amount of this note is paid including interest as above set out."

On the back of the note, 68 payments, aggregating $3,560 are shown. The material parts of the mechanic's lien contract read as follows:

"That the said parties of the second part, in consideration of the foregoing agreement and undertaking on the part of the said party of the first part, have executed their promissory note in favor of the party of the first part, and hereby agree, bind themselves, and promise to pay to the said party of the first part, for the fulfillment of his said agreement and undertaking, the said sum of twenty-six hundred ($2,600) dollars in gold coin of the United States of America of the present standard of weight and fineness, in monthly installments of thirty ($30) dollars per month. The first installment to be paid on July 1, 1914, and one installment to be paid on the first day of each succeeding month thereafter, until said sum of twenty-six hundred ($2,600) dollars is fully paid, together with eight per cent. interest

thereon from date hereof until paid, computed monthly; we also agree to pay an additional ten per cent. for attorney's fees if this obligation is placed in the hands of an attorney for collection after maturity."

[1] Appellants construe the note and lien contract to simply provide that each monthly installment of $30 shall be applied and paid on the principal of the note, and not on interest, and that, if that construction be correct, then the eighty-seventh or last monthly installment of $30 necessary to pay the principal in full would mature on October 1, 1921; the note being dated June 13, 1914. This suit was not filed until March 25, 1926, and therefore the contention that more than four years have elapsed between October 1, 1921, and the filing of the suit. We do not sustain the contention. When the note and mechanic's lien contract are construed together, it is clear to our minds that the parties thereto intended to provide for a contract of payment "computed monthly on partial payment plan," and that the $30 monthly installment was to be paid on interest and principal, both inclusive. In this connection appellants contend:

"The interest was to be computed monthly but not necessarily paid then. It might be paid each month along with the $30 principal, or it might be paid annually at the annual interest period."

The trouble with this construction is that it finds no basis or support in any language of the note or contract; and the parties by their own acts have construed them otherwise, and to provide that the $30 was to be paid monthly on interest and principal, both inclusive, or that both interest and principal were to be "computed monthly on partial payment plan," and the $30 monthly installment was to be paid first on interest and the balance on principal. This construction of the parties is clearly borne out by the fact that all payments on the note were made in multiples of $30, or at least no odd amounts were ever paid as interest, and by the further fact that no demand or offer to pay interest as such, and independent of the $30 installment, was ever mentioned or suggested on any monthly computation date, or on any annual interest period, although more than 9 years elapsed between the making of the note and this suit, and during which time repeated statements were rendered by the holder to appellants as payees, and none of them request a specific interest payment. So at the most appellants' contention and construction finds support only in a strained or very technical construction of the note and contract; and our courts, while recognizing and enforcing pleas of limitation, have never gone out of the way to find some reason or ground, and have never given a technical or strained

construction to a contract so as to bar it or its enforcement by limitation.

[2] The next question urged is that the judgment is excessive, because the court refused to allow as a credit on the note a payment of $30 made September 1, 1914, which, with interest, if it had been applied on the note, would have made a difference of about $76 in the judgment. But an issue of fact was joined by the pleadings and evidence as to whether the said $30 was paid under agreement on extras provided for in the contract, and occasioned by making a change in the roofing of the house described in the mechanic's lien. The jury found the extras were contracted for by the husband, Edwin W. Shonaker, under agreement that the first $30.00 installment due September 1, 1914, would be paid on such extras, and it was so applied by the holder of the note and the contractor. The evidence abundantly supports these findings of the jury. The evidence does not support the contention, made in this connection, that Mrs. Shonaker paid the $30 on September 1, 1914, with direction to apply it on the note. Her testimony in this respect was that she "thought" it was to be so applied, but she does not contend that she specifically directed that the installment be applied on the note. That being true, the contractor, being entitled to payment for the extras under the mechanic's lien contract and also payment on the note under the same contract, was authorized, in absence of specific direction as to application of this payment, to apply it in payment of either of the indebtednesses held by him. Proctor et al. v. Marshall, 18 Tex. 63; Bray v. Crain, 59 Tex. 649. And the testimony is undisputed that holder of the two debts applied the payment to the extras at the time it was made.

[3] Another question raised is that the mechanic's lien contract sued on is invalid in so far as a lien is given on the appellants' homestead to secure the attorney's fee provided for in the note and contract. There is neither pleading nor proof that the property in question was the homestead of appellants at the time the lien was given, and the appellants raised the attorney's fee question for the first time on their motion for a new trial. The only mention in the evidence of the homestead is found in the mechanic's lien contract which bound the contractor to erect a residence for appellants "according to plans and specifications * * * upon their homestead," and describing the property by lot and block numbers. No request was made to submit the homestead issue to the jury, and the above statement is not so conclusive as to require the trial judge to find the property homestead as a matter of law. But an insurmountable obstacle, which stands in the way of appellants to now urge the homestead question, is that they did not plead the homestead character of the property so as to raise that issue.

In 29 C. J. 985, § 452, the rule is stated as follows:

"If a homestead right is relied on, either as a cause of action, or as a defense, it must be pleaded."

In the case of Sweet v. Lyon, 39 Tex. Civ. App. 450, 88 S. W. 384, Judge Eidson, speaking for this court, held as follows:

"However, if appellant could assert any right to the lot by virtue of its being his homestead prior to and at the time of making the parol gift to appellees, he had no pleadings raising such issue in this case, and without such pleadings he could not avail himself of any such right."

See, also, Anderson v. McKay, 30 Tex. 186; Guarantee Mercantile Co. v. Nelson (Tex. Civ. App.) 223 S. W. 543; Crawford v. Spruill (Tex. Civ. App.) 187 S. W. 361; Bailey v. Arnold (Tex. Civ. App.) 156 S. W. 531.

The homestead exemption does not arise as a matter of right, so as to preclude any action against property so impressed upon the mere showing that it is in fact homestead. It is an exemption or right that may be waived at the option of the party entitled to the exemption or right. That being true, it is incumbent upon a party desiring to avail himself of the homestead exemption to plead fully its homestead character, as is held by the authorities last above cited, otherwise he cannot avail himself of such homestead right or exemption.

Appellants' remaining question is that the judgment is excessive because of miscalculation, and that the court should have rendered judgment for only $225.11, and in any event for not more than $248.28, and that therefore the judgment for $327.85 is excessive. Both parties present long and detailed calculations, based upon the same and different methods of calculations. One of those methods adopted by both parties clearly supports the amount of judgment rendered and more, and the contention is therefore overruled as being without merit.

The judgment of the trial court will be affirmed in all things.

Affirmed.