**MOON et al. v. WEBER et al.**

**No. 9980.**

Court of Civil Appeals of Texas. San Antonio.

March 17, 1937.

Rehearing Denied April 14, 1937.

Gaines, Gaines & Roberts, of San Antonio, for appellants.

Weber & Wolfe and M. A. Childers, all of San Antonio, for appellees.

MURRAY, Justice.

This suit was instituted by Mrs. Nancy F. Moon, joined by her husband, A. L. Moon, on July 17, 1933, as cause No. B—72112, in the Seventy-Third district court of Bexar county, against John K. Weber, receiver for Mutual Deposit & Loan Association, seeking to set aside a judgment previously rendered in that court in cause No. B—64892, between the same parties, rendering judgment against A. L. Moon in the sum of $9,814.15, together with

interest, and foreclosing an alleged deed of trust lien against both Nancy F. and A. L. Moon as to lots 1 and 2, block 8, N. C. B. 1960, in the city of San Antonio.

Plaintiffs below, who are appellants here, also sought to have a sheriff's deed to said lots 1 and 2 set aside, and the cloud, placed on their title to said lots, by reason of said judgment and deed, removed.

The trial judge sustained a general demurrer to appellants' petition, and, upon appellants' refusal to amend, the cause was dismissed, hence this appeal.

The first question to be here determined is whether or not the judgment in cause No. B—64892 was void or voidable. Unless this judgment was void on its face, or unless its invalidity could be determined from the judgment roll, it was at most only voidable. Appellants attached to their petition the judgment and pleadings in the former cause. There is nothing upon the face of the judgment, nor in the pleadings upon which it was based, to show that the judgment was absolutely void.

■■■ Appellants' contention is that the former judgment foreclosed a deed of trust upon property which was the homestead of appellants at the time the note and deed of trust were executed. Although Mrs. Nancy F. Moon and her husband, A. L. Moon, were duly served with citation in cause No. B—64892, neither interposed a plea of homestead in that cause. There is nothing in the petition upon which that judgment was based to show that said lots 1 and 2, at the time the deed of trust was executed, constituted the homestead of the Moons. It is further clear that the court had jurisdiction of the persons and the subject matter involved in the former suit, and therefore the judgment in that cause was not void, but could only be attacked as being voidable. Gehret v. Hetkes (Tex. Com.App.) 36 S.W.(2d) 700; Baxter v. Dear, 24 Tex. 17, 76 Am.Dec. 89.

It follows that appellants' suit cannot be regarded as a suit to set aside a judgment void on its face, but can only be regarded as an equitable proceeding in the nature of a bill of review to set aside a judgment alleged to be voidable. In such, a proceeding it is necessary for the appellants to show that they had a good defense to the entire cause of action pleaded by the plaintiff, and that they were prevented from presenting such defense either by fraud, accident, mistake, or the wrongful conduct of the adverse party, and all without negligence or want of proper diligence on their part. Appellants' petition in this cause fails to meet these requirements.

■■■ While this suit is brought by Nancy F. and A. L. Moon, it is in fact a suit by Mrs. Moon setting up her homestead rights in said lots 1 and 2. A. L. Moon did not attempt to allege that he did not have full opportunity to interpose any defense that he might have desired in the former suit. Mrs. Moon alleges that she did not employ the attorneys; that they should have interposed her plea of homestead, but failed to do so; and that she did not know that judgment had been entered until after the expiration of the term of court at which the judgment was rendered. This is not a sufficient showing to justify her in failing to properly defend the suit in cause No. B—64892. The fact that she was a married woman does not excuse her for failure to appear and defend the suit. Cayce v. Powell, 20 Tex. 767, 769, 73 Am.Dec. 211.

A married woman is given the right to sue and be sued in this state, and she must use the same diligence to defend a lawsuit that is required of any other person. Mrs. Moon does not allege that her husband perpetrated any fraud upon her; neither does she allege that she was prevented from making a proper defense in the cause by reason of any act or conduct of the adverse party.

Furthermore, it appears from an examination of the petition in the former suit that it contains three separate and distinct counts. She does not attempt to plead any defense to the other counts in the petition, but only to the one count, which asked for judgment for the amount of the note and foreclosure of the deed of trust lien against lots 1 and 2.

Where a suit is brought in the nature of a bill of review to set aside a former judgment, it is not only necessary to allege such facts as will warrant the trial judge in setting aside the former judgment, but it is also necessary to plead sufficient facts to show that a different judgment should have been rendered, and what that different judgment should be.

In this case, if the former judgment should have been set aside, there was no pleading showing any defense to the other counts in the petition in the former cause, and, if the plaintiff in the former cause was entitled to judgment on any one of the counts contained in his petition, ap-

pellants' bill of review in this case could give them no relief. A trial upon a bill of review cannot be had in piecemeal, but the entire matter must be disposed of in one trial, and, if the former judgment is to be set aside, then it is necessary to enter such judgment as should have been entered on the former trial. Tex.Jur. p. 31, § 28; 25 Tex.Jur. pp. 655, 658, §§ 235, 236; Hermann Hospital Estate v. Nachant (Tex.Com.App.) 55 S.W.(2d) 505; Hubbard v. Tallal (Tex.Com.App.) 92 S.W.(2d) 1022; Humphrey v. Harrell (Tex.Com.App.) 29 S.W.(2d) 963; Smith v. Poppe, 102 S.W.(2d) 1108, opinion by this court.

We therefore conclude that appellants' petition was insufficient, as an equitable proceeding in the nature of a bill of review, for the purpose of having a former judgment set aside and a proper judgment rendered, and, therefore the trial judge properly sustained a general demurrer to appellants' petition.

The judgment of the trial court dismissing this cause will be in all things affirmed.