## BENSON et al. v. MANGUM.

### No. 10310.

Court of Civil Appeals of Texas. San Antonio.

May 11, 1938.

Rehearing Denied June 1, 1938.

Atlas Jones, of Uvalde, for plaintiffs in error.

Ditzler H. Jones, of Uvalde, for defendant in error.

SLATTON, Justice.

Harvey Stanley Benson and wife filed suit in the District Court of Uvalde County against Hal L. Mangum, in trespass to try title to recover title and possession to 200 acres of land situated in Uvalde County. The trial was to the court without a jury and resulted in the entry of a judgment in favor of Mangum. There was a plea of intervention, but under the views we have of the case it will be unnecessary to make further mention of such plea. The Bensons bring the case here by writ of error.

It appears from the findings of fact of the trial court that the land in controversy is a part of Survey 30, and that Surveys 30 and 31 contain 320 acres each. The 640 acres of land was owned by Harvey Stanley Benson, and while single, on June 11, 1918, Benson gave the Federal Land Bank of Houston a deed of trust on the land to secure a loan in the sum of $10,000, payable to the bank on the amortization plan. Mangum, at the request of Benson, made a number of the semiannual payments to the Federal Land Bank, and the bank transferred and assigned the lien securing such payments.

On August 26, 1926, Benson, being a single man, executed and delivered a deed of trust to the 640 acres to secure Mangum in the payment of a note for $3,337.28 due Mangum by Benson. Thereafter Benson married and used 200 acres of the 640 acres as the family homestead, until dispossessed on June 19, 1933. There was no designation made of any homestead, and, in fact, the entire 640 acres was used by the Bensons.

On May 20, 1929, Benson, joined by his wife, gave a deed of trust on the 640 acres of land to secure a $1500 note due L. Swartz Company, which note and deed of trust were transferred to Mangum.

June 5, 1930, Mangum filed suit in the District Court of Uvalde County against Benson and wife, as well as others, which suit was numbered on the docket of said court No. 4648. The purpose of the suit, as disclosed by the record, was upon the notes hereinbefore described and sought foreclosure of the liens securing the same,

and a judicial sale of the land. The defendants in cause No. 4648, including the Bensons, were duly and legally cited in accordance with law, but failed to appear and made default. August 26, 1930, a judgment was rendered in accordance with the relief sought, and in due time an order of sale issued and the land was sold to Mangum on November 4, 1930. The trial court found that on being cited in cause No. 4648 Benson consulted counsel and was advised of his homestead rights and that unless he, Benson, was able to protect the land from the sale under the deed of trust, which was placed upon it while he was single, that it would not be worth while to file an answer in such suit; that Benson intentionally did not file an answer in said cause because he was financially unable to protect the land from sale under the lien.

The trial court further found that Mangum and his attorney did not do anything relative to the suit to impose upon Benson and wife, and practiced no fraud upon them in any matter in connection with such suit.

May 25, 1933, Mangum instituted in the Justice's Court an action of forcible detainer and by a writ out of said court dispossessed the Bensons on the 19th day of June, 1933.

Cause No. 4648 and the forcible detainer suit in the Justice's Court were not appealed. The original papers in cause No. 4648 have been sent to this Court with the record, and it should be noted that the proceedings in said cause do not disclose that the 200 acres of land sued for in this action was the homestead of the Bensons.

The first question to be determined is whether or not the judgment entered in cause No. 4648 is void. It is clear from such proceedings that the District Court of Uvalde County had jurisdiction of the person of Mr. and Mrs. Benson, together with the other defendants cited. It is further clear from the proceedings in said cause, that the court had jurisdiction of the subject matter of the suit. Therefore, under the authorities the judgment is not void. Hetkes v. Gehret, Tex.Civ.App., 16 S.W.2d 395; Gehret v. Hetkes, Tex.Com.App., 36 S.W.2d 700; Baxter v. Dear, 24 Tex. 17, 76 Am.Dec. 89.

The plaintiffs in error take the view that because 200 acres of the land upon which a foreclosure was had in said suit constituted their homestead, such judgment is void. In the case of Shonaker v. Citizens, etc. Co., Tex.Civ.App., 8 S.W.2d 566, writ refused, it is said (page 568):

"The homestead exemption does not arise as a matter of right, so as to preclude any action against property so impressed upon the mere showing that it is in fact homestead. It is an exemption or right that may be waived at the option of the party entitled to the exemption or right. That being true, it is incumbent upon a party desiring to avail himself of the homestead exemption to plead fully its homestead character, as is held by the authorities last above cited, otherwise he cannot avail himself of such homestead right or exemption."

If we construe the pleadings of plaintiffs in error in the present case to present a direct attack upon the judgment rendered in cause No. 4648, the findings of the trial court preclude their recovery here. In the Gehret Case, supra, the Commission of Appeals say (page 702):

"To entitle a party to relief from a judgment (not void) rendered at a term of court that had expired, it must be shown that he was prevented from urging objections to the judgment which would, or ought to, have prevented its rendition and that he was so prevented by fraud, accident, or the acts of the adverse party, without fault or negligence on his part."

In the record in the present case there is no showing upon the part of Mr. and Mrs. Benson which would in law excuse them for their failure to present their claim of homestead in cause No. 4648. Plaintiffs in error insist that they were not required to defend the suit No. 4648, and their failure so to do was not a waiver of their homestead rights, and press upon us the case of Barnett v. Eureka Paving Company, Tex.Com.App., 234 S.W. 1081 and cases following. It must be noted that in the action held to be void by our Supreme Court it affirmatively appeared upon the face of the record that the lien foreclosed by such action was upon the homestead and therefore void. Those cases are not inconsistent with our holding in the present case. See Moon et al. v. Weber et al., Tex.Civ.App., 103 S.W.2d 807, writ refused.

We are of the opinion that under the facts found by the trial court in the record

before us the judgment entered by the trial court is correct. Accordingly, the judgment is affirmed.

### On Motion for Rehearing.

Plaintiffs in error, by their able motion for rehearing, assert that our holdings are in conflict with Cline v. Niblo, 117 Tex. 474, 8 S.W.2d 633, 638, 66 A.L.R. 916, and Millikan v. Coker, 90 S.W.2d 902, 904. We are of the opinion that the holdings in the Cline Case are not applicable here. It is observed that writ of error has been granted by the Supreme Court in the Millikan Case.

Our attention has been called to the fact that in our original opinion we overruled without discussion plaintiffs in error's fifth proposition, to the effect that the judgment in cause No. 4648 was void because without sufficient pleadings to support it. It has been held by the courts of this State in line with the rule stated in 34 C.J. p. 560: "A judgment cannot be impeached collaterally on account of any defect in the pleadings which are amendable, even though such pleadings are bad on general demurrer." Thus the validity of a judgment cannot be impugned by showing that a wrong form of action was chosen or that the complaint did not state facts sufficient to constitute a cause of acion, if it contained sufficient matter to challenge the attention of the court as to its merits. See Moore v. Perry, 13 Tex. Civ.App., 204, 35 S.W. 838; Conner v. McAfee, Tex.Civ.App., 214 S.W. 646, writ denied; Permian Oil Co. v. Smith, Tex. Sup., 73 S.W.2d 490, 111 A.L.R. 1152. The pleadings in cause No. 4648 sought a foreclosure of a lien which attached to the land while Harvey Benson was a single man. It is true that such pleading was demurrable but its allegations challenged the action of the court. While it is shown in these proceedings that L. Schwartz and Co. note and lien were invalid as to the 200 acres claimed by plaintiffs in error as their homestead; the record in cause No. 4648 does not disclose such invalidity. In the case of State Mortgage Corp. v. Ludwig, 121 Tex. 268, 48 S.W.2d 950, our Supreme Court say (page 955):

"It is settled law in this state that a sale of land by a trustee under deed of trust for the payment of a debt, of which part is void and part valid, is not a nullity. [Citing authorities.] There is stronger reason for refusing to adjudge void a sale by a public officer under a regular judgment of the district court, of which part is valid and unsatisfied."

It has been held in this State that the homestead right is one that may be waived by the party entitled to it. Nichols v. Dibrell, 61 Tex. 539; Shonaker v. Citizens, etc., Co., Tex.Civ.App., 8 S.W.2d 566, writ refused.

Plaintiffs in error were legally cited to appear and answer in cause No. 4648; they failed to appear and assert their homestead right. In such proceedings their homestead right does not appear upon the face of the record. They were not prevented from appearing and claiming that right by fraud, acccident, or the acts of the opposite party.

Mr. Chief Justice Willie, in the Nichols Case, supra, said, with reference to the homestead right:

"It has been frequently attempted in this state to exempt it from the operation of the rule, but has always been held that when it might have been pleaded in the former suit it was too late to set it up in the latter."

Believing we correctly determined the case in our original opinion, the motion for rehearing is overruled.